The appellant, Herbert Warren Martin, appeals from an order of the trial court revoking his probation. The appellant argues, and the state concedes, that the trial court failed to make adequate written findings stating its reasons for revoking the appellant's probation or the evidence it relied upon in doing so. Rule 27.6(f), Ala.R.Crim.P.; Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975). See Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
In Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), the Alabama Supreme Court held that "Armstrong v. State [, 294 Ala. 100,312 So.2d 620 (1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation." This requirement obtains even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation." Id.
This cause is therefore remanded to the trial court with directions to enter an order stating the evidence relied upon and the reasons for the revocation of the appellant's probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. This court reserves comment on any other issues raised on appeal pending the trial court's compliance with the directions contained herein and until a proper return is made to this court.
REMANDED WITH DIRECTIONS.*
All Judges concur.
* Note from the Reporter of Decisions: On August 23, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 1111