The appellant, Irish Lee Davis, appeals from an order of the trial court revoking his probation. The appellant argues, and the State concedes, that the trial court failed to make adequate written findings stating the evidence relied upon in revoking the appellant's probation. Rule 27.6(f), Ala.R.Crim.P.; Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975). See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The written order of the trial court stated:
 "Defendant appears in open court with counsel, Cordelia Bodie. This Court is reasonably satisfied from the evidence and admission of the Defendant that the defendant has violated the terms of his probation by being convicted of three different offenses. Based on the foregoing, this Court finds that the Defendant's sentence of September 16, 1994 should be amended so that the Defendant will serve fifteen *Page 226 
(15) years in the state penitentiary with credit for time served under a previous sentence and day for day for time served on the work release program. Taxed as costs is $40 for representation by his attorney. This order is entered because no measure short of confinement will adequately protect the community from further criminal activity by the probationer and no measure short of confinement will avoid depreciating the seriousness of the violation. Defendant was advised of his right to appeal."
C.R. 1. "The fact that the appellant admitted the violation does not relieve a court from complying with the constitutional requirements mandated by Morrissey and Gagnon." Perry v. State,684 So.2d 163 (Ala.Cr.App. 1995). In Perry this court held that the appellant had not been afforded due process at his probation hearing because "the court did not provide him with a written statement of the evidence it relied on in revoking his probation." In that case the trial court's order stated, "Defendant being present in open court with attorney acknowledged receipt of delinquency report, confesses same, waives any further hearing." In Hairgrove v. State,668 So.2d 887 (Ala.Cr.App. 1995), this court held that although the following order did contain the reasons the appellant's probation was revoked (the commission of new offenses), it did not specify the evidence the trial court relied upon in revoking the appellant's probation. The trial court's order inHairgrove read:
 "This cause coming on for probation revocation hearing, the Defendant being present and represented by appointed counsel, Donald Doerr, and the Court having taken and considered sworn testimony, the Court finds based upon the testimony presented that the Defendant has violated the terms and conditions of his probation by committing new offenses constituting Burglary 1st, Theft of Property 1st, Robbery 1st, and Certain Persons Forbidden to [Possess] a Pistol Based upon the seriousness of the new offenses and the Defendant's extensive criminal history, no intermediate [sic] would be appropriate and would tend to denigrate the seriousness of both. It is therefore ordered that the Defendant's probation is revoked."
Hairgrove, 668 So.2d 887.
"In Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), the Alabama Supreme Court held that 'Armstrong v. State requires a written order setting forth the evidence relied upon and the reason for the revocation.' This requirement obtains even where 'the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation.' Id." Martin v. State,681 So.2d 1110 (Ala.Cr.App. 1996). This case must be remanded with directions to the trial court to enter an order stating the evidence relied upon.
The second issue raised by the appellant was not preserved for appellate review. The appellant contends that the trial court did not comply with Rule 27.6(c)(1),(2), and (3), Ala.R.Crim.P. This rule specifies what the trial court must advise a petitioner before accepting an admission that probation has been violated. The appellant acknowledges in his brief that, "the chief problem with [the appellant's] argument on this issue concerns whether these issues were waived." Appellant's brief at page 8. We have consistently held that "claims — even those raising constitutional issues — are waivable." Puckett v. State, 680 So.2d 980 (Ala.Cr.App. 1996). We are not persuaded by the appellant's argument to change this view. "[T]he general rules regarding preservation should apply to rights granted to a probationer by Armstrong and Rule 27.5 and 27.6. 'It is for the trial court . . . to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.' . . . Even constitutional issues may be waived on appeal if not presented to the trial court."[1] Woodberry v. State, *Page 227 625 So.2d 1159, 1162 (Ala.Cr.App. 1993) (citations omitted).
Therefore, this case is remanded with directions to the trial court to enter an order stating the evidence it relied upon in the revoking of the appellant's probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
[1] "[T]his court has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation (see Rule 27.6(f), Ala.R.Crim.P.), as was the situation in Ex parte Helton, 578 So.2d 1379 (Ala. 1990), and (2) the requirement that a revocation hearing actually be held (see Rule 27.6(a), Ala.R.Crim.P.), as was the situation inStory v. State, 572 So.2d 510 (Ala.Cr.App. 1990)." Puckett, supra.
* Note from the Reporter of Decisions: On October 11, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On November 22, 1996, that court denied rehearing, without opinion. On February 21, 1997, the Supreme Court denied certiorari review, without opinion (1960367).