On May 21, 1991, the appellant, Ashford Bruce Rivers, was convicted of theft of property in the second degree. He was sentenced under the Habitual Felony Offender Act to 15 years in prison. This sentence was split, and the appellant was ordered to serve three years in the penitentiary and the remainder of the sentence on probation. The trial court subsequently further split the appellant's sentence to time served through November 30, 1993, and three years supervised probation. On January 25, 1996, the appellant's probation was revoked because the appellant "left the State of Alabama and committed a crime in the State of Florida." C.R. 53. This is an appeal from the revocation of his probation.
The appellant contends that he did not receive the minimum due process requirements set forth in Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975). The appellant contends 1) that the written order revoking his probation failed to set forth the evidence relied upon and the reasons for the revocation, and, 2) that the trial court failed to comply with Rule 27.6(c), Ala.R.Crim.P., which sets out what the trial court must advise a probationer to ensure the voluntariness of the admission before accepting an admission to the alleged probation violation.
The trial court's order states that probation was revoked for the following reason:
 "Testimony was received from the Probation Officer, Rodney Peak. The testimony of the probation officer clearly indicates that the Defendant had notice of the condition of probation, one of which was to commit no crime, and that a crime had been committed. The Defendant left the State of Alabama and committed a crime in the State of Florida, all of which were violations of the terms of his conditions for release from prison."
C.R. 53.
The trial court's order is insufficient to withstand the appellant's challenge. In Hairgrove v. State, 668 So.2d 887
(Ala.Cr.App. 1995), this court found the following order contained sufficient reasons for revoking probation (the commission of specified new offenses), but it failed to sufficiently specify the evidence the trial court relied upon in revoking the appellant's probation.
 "This cause coming on for probation revocation hearing, the Defendant being present and represented by appointed counsel, Donald Doerr, and the Court having taken and considered sworn testimony, the Court finds based upon the testimony presented that the Defendant has violated the terms and conditions of his probation by committing new offenses constituting Burglary 1st, Theft of Property 1st, Robbery 1st, and Certain Persons Forbidden to [Possess] a Pistol Based upon the seriousness of the new offenses and the Defendant's extensive criminal history, no intermediate [sic] would be appropriate and would tend to denigrate the seriousness of both. It is therefore ordered that the Defendant's probation is revoked."
668 So.2d at 887. In the present case the assertion in the order that the appellant, "left the State of Alabama and committed a crime in the State of Florida," failed to specify the offense relied upon in revoking probation. Additionally, the order states that the testimony of a probation officer was the basis for the court's revoking probation. No other testimony or evidence is mentioned. The probation officer's testimony is hearsay unless the officer has firsthand knowledge of the facts in the probation report. "While hearsay evidence may be admitted in probation *Page 992 
revocation hearings in the discretion of the trial court, hearsay evidence cannot be the sole basis for revoking probation." Mallette v. State, 572 So.2d 1316, 1317
(Ala.Cr.App. 1990). Even though the trial court stated for the record the evidence relied upon and the reasons for revoking the appellant's probation, we stated in Hairgrove, supra, that
 "[w]hile the trial court stated at the end of the record the evidence relied upon in revoking probation, this is not sufficient to cure the deficiency in the trial court's written order. In Wyatt v. State, 608 So.2d 762 (Ala. 1992), the Alabama Supreme Court reiterated its holding 'that Ex parte Armstrong requires a written order setting forth the evidence relied upon and the reason for the revocation.' "
668 So.2d at 887.
Therefore, this case is remanded with directions to the trial court to enter an order stating the evidence relied upon and the reasons for revoking the appellant's probation.
There is, however, no merit to the appellant's second due process challenge. The appellant did not enter an admission of guilt to the alleged probation violations as contemplated by Rule 27.6(c), Ala.R.Crim.P. The trial court conducted a hearing at which the appellant testified in his own defense. During the course of his testimony he admitted to having been charged in Ozark, Alabama (R. 20) with theft of property in the second degree (R. 16), and the misdemeanor offense of leaving the scene of an accident while in Pensacola, Florida. R. 18. Rule 27.6(c), Ala.R.Crim.P., contemplates the situation where a probationer admits his guilt without requiring the State to present their case.
The remaining issues — "Did the trial court commit error by revoking appellant's probation based on insufficient evidence" and, "Did the trial court commit error revoking appellant's probation when the appellant affirmatively stated he did not know he was still on probation" — are not preserved for review because no objections were raised at the trial level. "[T]he question of the sufficiency of the evidence was never presented to the trial court. There was no motion for a judgment of acquittal and there was no other motion, objection, or request seeking similar relief." Ryans v. State, 629 So.2d 799
(Ala.Cr.App. 1993); cert. denied. See Puckett v. State680 So.2d 980 (Ala.Cr.App. 1996) (other than the adequacy of a written order and the failure to hold a revocation hearing, claims arising out of due process violations can be waived). Additionally, concerning the appellant's assertion that he did not know he was on probation, this court has stated that the credibility of witnesses is to be determined by the trier of fact. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). The trial court stated, "[I]t's impossible for me to believe that he did not know he was still on probation." R. 29.
Therefore, this case is remanded with directions to the trial court to enter an order stating the evidence relied upon and the reasons for revoking the appellant's probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the Reporter of the Decisions: On December 20, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.