The appellant, Jeff Lewis Davidson, appeals from the revocation of his probation. He was convicted in 1993 of burglary in the third degree, a violation of § 13A-7-7, Code of Alabama 1975, and was sentenced to 10 years in the state penitentiary. The trial court suspended the appellant's sentence and placed him on two years' probation. The appellant's probation officer reported him as delinquent in 1994 for failing to report as required by the conditions of the appellant's probation. A probation revocation hearing was held on March 16, 1996, at which the appellant admitted to violating a condition of his probation.
The appellant contends that the court failed to comply with Rule 27.6, Ala. R. Crim. P. However, the record indicates that no objection was made during the appellant's probation revocation hearing and that this issue is raised for the first time on appeal. This court has recently held that in probation revocation hearings there are only two exceptions to the general rule that issues not presented to the trial court are waived on appeal. These exceptions are (1) when the *Page 1313 
trial court has not complied with the requirement that there be a written order specifying the evidence relied upon and the reasons for revoking probation, and (2) when no revocation hearing has been held. Puckett v. State, 680 So.2d 980
(Ala.Cr.App. 1996) (Taylor, Presiding Judge, dissenting).
The record indicates that a written statement by the trial court revoking probation was contained in the case action summary. It reads as follows:
 "3/19/96 Probation revoked for failure to report, pay fines and costs and supervision fees."
As this court recently stated in Martin v. State,681 So.2d 1110, 1110 (Ala.Cr.App. 1996):
 "In Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), the Alabama Supreme Court held that 'Armstrong v. State [, 294 Ala. 100, 312 So.2d 620
(1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation.' This requirement obtains even where 'the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation.' "
681 So.2d at 1110.
The trial court's order revoking probation did not meet the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and Rule 27.6, Ala. R. Crim. P. This cause is therefore remanded to the trial court so that that court can issue a written order adequately specifying the evidence relied upon and reasons for revoking the appellant's probation.
For the reasons stated above, this case is remanded for proceedings not inconsistent with this opinion. The trial court should file a return within 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur except LONG, J., who dissents with opinion and McMILLAN, J., who joins in that dissent.
* Note from the Reporter of Decisions: On October 11, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.