The appellant, Floyd Dewayne Rutledge, appeals from the trial court's revocation of his probation. The appellant was placed on probation after he was convicted of receiving stolen property and unlawful breaking and entering. The appellant was sentenced to two seven-year sentences to be served concurrently, and was placed on probation on April 25, 1995. The appellant's probation was revoked on January 31, 1996, after a hearing.
 I.
The appellant contends that revocation should not have been the recommended disposition because the trial court did not consider alternative dispositions. This claim, however, was not preserved for appellate review by an objection in the trial court. Davis v. State, 689 So.2d 225 (Ala.Cr.App. *Page 1003 
1996). Other than claims regarding the adequacy of a written order and the failure to hold a revocation hearing, claims that the probationer was denied due process can be waived. SeePuckett v. State, 680 So.2d 980 (Ala.Cr.App. 1996). Therefore, the appellant is deemed to have waived this claim.
 II.
The appellant correctly contends that in both cases the trial court's written revocation order recited reasons for revoking the appellant's probation but failed to state the evidence it relied upon in doing so. The order in both cases is identical. The relevant portion of the order states:
 "Now comes the Defendant and his attorney and in open court on this the 7th day of March, 1996, and after hearing testimony of the Defendant to show cause why his probation should not be revoked at this time, the Court finds that the defendant has violated the conditions of his probation as set forth in the Delinquent Charge(s) Number One (1), Two (2), Four (4) and Six (6).
 "After due consideration, the Court finds that the Defendant has violated the terms of his Probation and it is hereby ORDERED, ADJUDGED AND DECREED BY THE COURT that the Defendant's Probation be and hereby is REVOKED and the defendant's sentence is hereby reinstated."
C.R. 38-39.
The trial court's order was insufficient to withstand the appellant's challenge. In Hairgrove v. State, 668 So.2d 887
(Ala.Cr.App. 1995), this court found that although the following order contained sufficient reasons for revoking probation (the commission of specified new offenses), it failed to sufficiently specify the evidence the trial court relied upon in revoking the appellant's probation:
 " 'This cause coming on for probation revocation hearing, the Defendant being present and represented by appointed counsel, Donald Doerr, and the Court having taken and considered sworn testimony, the Court finds based upon the testimony presented that the Defendant has violated the terms and conditions of his probation by committing new offenses constituting Burglary 1st, Theft of Property 1st, Robbery 1st, and Certain Persons Forbidden to [Possess] a Pistol. Based upon the seriousness of the new offenses and the Defendant's extensive criminal history, no intermediate [sic] would be appropriate and would tend to denigrate the seriousness of both. It is therefore ordered that the Defendant's probation is revoked."
668 So.2d at 887.
In the present case the assertion in the order that the appellant "violated the conditions of his probation as set forth in the Delinquent Charge(s) Number One (1), Two (2), Four (4) and Six (6)" is meant to specify that the offenses relied upon in revoking probation were convictions for carrying a concealed weapon (Number One) and resisting arrest (Number Two), and for the charges of resisting arrest (Number Four) and failure to avoid persons of disreputable or harmful character (Number Six). C.R. 33-34. The evidence relied upon is not included in the order. The order further gives the impression that the testimony of a probation officer was the only evidence the court relied on in revoking probation. The probation officer's testimony is hearsay unless the probation officer has firsthand knowledge of the facts within his probation report. "While hearsay evidence may be admitted in probation revocation hearings in the discretion of the trial court, hearsay evidence cannot be the sole basis for revoking probation." Mallette v.State, 572 So.2d 1316, 1317 (Ala.Cr.App. 1990).
"In Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), the Alabama Supreme Court held that 'Armstrong v. State [,294 Ala. 100, 312 So.2d 620 (1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation.' This requirement obtains even where 'the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation.' Id." Martin v. State,681 So.2d 1110 (Ala.Cr.App. 1996). This case must be remanded with directions to the trial court to *Page 1004 
enter an order stating the evidence relied upon.
Therefore, this case is remanded with directions to the trial court to enter an order stating the evidence relied upon for the revoking of the appellant's probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion.
 REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On January 17, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.