On April 23, 1996, the appellant, Broderick Taylor, pled guilty to the charge of possession of marijuana in the first degree. He was given a three-year suspended sentence, and was placed on supervised probation for a period of three years. On December 11, 1996, the State filed a petition to revoke the appellant's probation because he had been arrested on two charges of unlawful distribution of a controlled substance and one charge of possession of marijuana, and because he had tested positive on a drug test for marijuana use. A probation revocation hearing was held on December 17, 1996, and the appellant's probation was revoked.
The appellant raises two arguments on appeal: (1) that there was insufficient evidence to revoke his probation; and (2) that the trial court failed to prepare a written *Page 1302 
order setting forth the evidence relied upon and the reasons for revoking probation.
 I
The appellant argues that there was insufficient evidence to support the revocation of his probation. In probation revocation proceedings, the State is not required to prove its case beyond a reasonable doubt or even by a preponderance of the evidence in order for the trial court to revoke probation.Powell v. State, 485 So.2d 379, 381 (Ala. 1986). The trial court may revoke probation if it is "reasonably satisfied from the evidence that a violation of the conditions or regulations of probation . . . occurred." Rule 27.6(d)(1), Ala. R.Crim. P.
In this case, the State presented evidence that the appellant: (1) sold crack cocaine on two separate occasions; (2) was in possession of marijuana seeds, although the laboratory results were not available at the time of the hearing; and (3) failed a drug test by testing positive for marijuana. The trial court stated that it was reasonably satisfied that the appellant had committed the offense of unlawful distribution of a controlled substance on two occasions, and that the appellant had also failed a drug test. The evidence was sufficient to support the trial court's order of revocation.
 II
The appellant argues that the trial court failed to prepare a written order setting forth the evidence relied upon and reasons for revoking probation. At the conclusion of the probation revocation hearing, the trial court made the following statement:
"THE COURT: Mr. Taylor, based on the testimony that has been presented to the Court it is the opinion of the Court that you have violated the terms of your probation, and that the Court is reasonably satisfied from the evidence that you have committed the criminal offense of Distribution of a Controlled Substance on a couple of occasions, which is a violation of your probation. And, also, that you have failed a drug test.
 Now, that being the case the Court has no other alternative in this case but to revoke the sentence previously imposed against you back in April, that being a three year sentence. That being the case it is the order of the Court the suspended sentence you received in April of '96 be revoked and set aside, and the sentence be admittedly placed into effect."
Although the trial court orally advised the appellant of the evidence relied upon and reasons for revoking probation, it never put those findings into a written order. Although the evidence the trial court relied on and its reasons for revoking probation are obvious and abundantly clear to anyone reading a transcript of the trial court's oral statement, our current law on probation revocation proceedings requires us to remand this case to the trial court for it to prepare a written statement of the evidence relied upon and reasons for revoking probation. In Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), the Alabama Supreme Court stated:
 "In Armstrong v. State [294 Ala. 100, 312 So.2d 620 (1975)], this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Armstrong v. State, this Court has addressed and affirmed the written-order requirement. See Ex parte Lawrimore, 441 So.2d 122
(Ala.Cr.App. 1983). However, in some cases the Court of Criminal Appeals has stated that a complete written order is not necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation, because the requirements of due process have been met. See Brown v. State, 515 So.2d 146
(Ala.Cr.App. 1987); Salter v. State, 470 So.2d 1360
(Ala.Cr.App. 1985). This Court, however, continues to hold that Armstrong v. State requires a written order setting forth the *Page 1303 
evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama."
In Trice v. State, [CR-95-2006, Aug. 22, 1997],* which is being released simultaneously with this opinion, we asked the Alabama Supreme Court to reconsider its holding requiring a separate written order stating the evidence relied on and reasons for revoking probation, and we asked that court to allow the transcript from the proceedings to fulfill the requirement of a written order as long as the record is clear as to why probation was revoked. In that opinion, Judge Cobb referenced the opinions of numerous jurisdictions that have held that the transcribed oral statements of a trial judge at a probation revocation proceeding are adequate to support revocation as long as they appear in the record on appeal. Further, the Alabama Rules of Criminal Procedure, adopted by the Supreme Court of Alabama, state that the proper procedure for the trial court is to "make a written statement or state for the record the evidence relied upon and the reasons for revoking probation." Rule 27.6(f), Ala. R.Crim. P. (emphasis added). Either method would "give a reviewing court a basis for evaluating the revocation hearing and decision." Committee Comments to Rule 27.6, Ala. R.Crim. P. Therefore, in remanding this case to the trial court for a written order, we ask the Alabama Supreme Court to revisit its holding on this issue and ask that they relieve the trial courts of the unnecessary burden of preparing a written order in cases where the trial court has orally stated for the record the evidence relied upon and the reasons for revoking probation.
For the foregoing reasons, this case is remanded to the trial court for preparation of a written statement of the evidence relied on and reasons for revoking the appellant's probation. Due return shall be filed with this Court no later than 42 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.**
All judges concur.
* Note from the reporter of decisions: On October 17, 1997, the Court of Criminal Appeals withdrew its August 22, 1997, opinion in Trice v. State and substituted another one. See ___ So.2d ___. The Court of Criminal Appeals makes the same request to the Alabama Supreme Court in its October 17, 1997, opinion.
** Note from the reporter of decisions: On October 17, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.