706 So.2d 858 (1997)
Randall Lee WADSWORTH
v.
STATE.
CR-96-0591.
Court of Criminal Appeals of Alabama.
July 3, 1997.
Opinion on Return to Remand September 26, 1997.
*859 Walter Kennedy, Pell City, for appellant.
Bill Pryor, atty. gen., and Frances Clement, asst. atty. gen., for appellee.
McMILLAN, Judge.
This appeal arises out of a probation revocation hearing before the Blount Circuit Court.
In September 1992, the appellant, Randall Lee Wadsworth, was convicted, pursuant to guilty pleas, of the unlawful possession of marijuana in the first degree. He was sentenced, as an habitual felon with two prior felony convictions, to 10 years' imprisonment. However, the trial court split the sentence pursuant to the Split Sentence Act, and sentenced the appellant to one year and one day in jail, and placed him on probation for the remainder of his sentence.
The appellant stopped reporting to his probation officer in October 1995, and a warrant was issued for the appellant's arrest for probation violation. In addition, a Blount County grand jury had issued a two-count indictment charging the appellant with sexual abuse in the first degree. Following the appellant's arrest a year later, a hearing on the probation revocation charge took place. The trial court revoked the appellant's probation on December 19, 1996.
The appellant argues that the evidence before the trial court did not support its decision to imprison him without considering other sentencing alternatives, and that the trial court also erred by failing to state in its revocation order the evidence it relied on to revoke his probation.
In Rutledge v. State, 689 So.2d 1002 (Ala.Cr.App.1996), this Court held as follows:
"The appellant contends that revocation should not have been the recommended disposition because the trial court did not consider alternative dispositions. This claim, however, was not preserved for appellate review by an objection in the trial court. Davis v. State, 689 So.2d 225 (Ala. Cr.App.1996). Other than claims regarding the adequacy of a written order and the failure to hold a revocation hearing, claims that the probationer was denied due process can be waived. See Puckett v. State, 680 So.2d 980 (Ala.Cr.App.1996). Therefore, the appellant is deemed to have waived this claim."
Because the appellant failed to make a further objection or to obtain an adverse ruling, this issue has not been preserved for this Court's review. Rutledge, supra.
With respect to the appellant's objection addressing the adequacy of the trial court's order revoking the appellant's probation, the State concedes that the trial court's order is deficient, because it fails to state the evidence relied on to support its ruling. In Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), the Alabama Supreme Court stated, in pertinent part, that "A defendant is entitled to a written statement by the fact finder as to the evidence relied on and the reasons for revoking his probation or parole. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), supra; Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), supra." Armstrong v. State, supra, at 101, 312 So.2d 620.
Accordingly, we are remanding this cause to the trial court for that court to make written findings stating its reasons for revoking appellant's probation. Return should be *860 made to this Court within 45 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All judges concur.

On Return to Remand
McMILLAN, Judge.
On July 3, 1997, we remanded this cause to the trial court in order for that Court to enter written findings stating the trial court's reasons for revoking the appellant's probation, pursuant to Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). On return to remand, the trial court has forwarded to us an order indicating that, pursuant to a plea agreement entered into as to the charge of sexual abuse in the first degree, the appellant had agreed to and had filed a notice of dismissal of appeal pursuant to which the appellant agreed to dismiss the appeal of his probation revocation. In return, the appellant received a three-year split sentence for his conviction for sexual abuse in the first degree. The trial court attached to its order the appellant's notice of dismissal of appeal, as well as the case action summary and sentencing order pertaining to that charge and conviction. As this evidence properly supports the trial court's reasons for revoking the appellant's probation, its judgment is due to be affirmed.
AFFIRMED.
All judges concur.