The appellant, Daryl Ramon Wright, appeals from the trial court's order revoking his probation. In 1994 the appellant pleaded guilty to assault in the second degree, a violation of § 13A-6-21, Ala. Code 1975. He was sentenced to 10 years' imprisonment, but the trial court suspended his sentence and placed him on probation for 5 years. On March 18, 1997, the appellant pleaded guilty to disorderly conduct. On August 22, 1997, the appellant's probation officer issued an arrest warrant for the appellant because he had failed to report as directed pursuant to the terms of his probation. In a drug test performed on August 25, 1997, the appellant tested positive for the presence of drugs. On September 4, 1997, the appellant's probation officer recommended that his probation be revoked. On September 12, 1997, a probation revocation hearing was held; after the hearing the trial court revoked the appellant's probation. The trial court's revocation order reads:
 "The Court finds that [the defendant] has used drugs while on probation, has avoided drug testing, has broken the law (Disorderly Conduct conviction), while on probation. Probation revoked."
(C.R.10.)
The appellant maintains that the trial court erred because, he says, his probation was revoked based on "charges that were inaccurate and misleading." The appellant's claim is, in essence, an attack on the sufficiency of the evidence on which the revocation of his probation was based. Because the appellant failed to object to this evidence before, or during, the probation hearing, this issue was waived. Wadsworth v.State, 706 So.2d 858 (Ala.Cr.App. 1997).
The appellant also contends that the trial court's written order is inadequate. Specifically, he claims that the trial court failed to set forth the evidence relied upon and the reasons for revoking his probation. The state concedes that the trial court's written order revoking probation is inadequate. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Rule 27.6(f), Ala. R. Crim. P. *Page 445 
In Davidson v. State, 686 So.2d 1312 (Ala.Cr.App. 1996), this Court stated:
 " 'In Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), the Alabama Supreme Court held that "Armstrong v. State [, 294 Ala. 100, 312 So.2d 620
(1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation." This requirement obtains even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation." ' "
Davidson, 686 So.2d at 1313, quoting Martin v. State,681 So.2d 1110 (Ala.Cr.App. 1996) (emphasis added). This Court has held that an objection to the adequacy of the written order revoking probation need not be raised at trial to be preserved for appellate review. Puckett v. State, 680 So.2d 980, 983
(Ala.Cr.App. 1996).
The trial court's revocation order states the reasons for revoking the appellant's probation; however, the order fails to state the evidence the court relied upon in revoking his probation. Although an examination of the transcript of the revocation hearing reveals the evidence the trial court relied on to revoke the appellant's probation, we are required to follow the holding of the Alabama Supreme Court in Wyatt v.State, 608 So.2d 762, 763 (Ala. 1992). In Wyatt, the Supreme Court mandated that the trial court issue a written order setting forth its reasons for revoking probation and the evidence relied upon, even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation." See also Springfield v. State, 717 So.2d 445
(Ala.Cr.App. 1998).
We respectfully urge the Alabama Supreme Court to reconsider its holdings in Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and Wyatt v. State, supra, requiring a separate written order setting forth the evidence relied upon and the reason for the revocation, even in those cases in which this information can be determined from the transcript of the revocation hearing, coupled with the court's revocation order. We would urge the Alabama Supreme Court to instead follow Rule 27.6(f), Ala.R.Crim.P., and those jurisdictions that permit a statement on the record from the proceedings to provide the evidence relied on and the reasons for revoking probation. See Trice v.State, 707 So.2d 294 (Ala.Cr.App. 1997).
For the foregoing reasons, we remand this case to the trial court with directions to enter an order setting forth the evidence relied upon, together with the reason for the revocation of the appellant's probation. The trial court shall take necessary action to ensure that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the reporter of decisions: On May 29, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.