Kamal Rashad Guilford appeals from the order of the trial court revoking his probation. Guilford contends that the trial court's revocation order is deficient because, he says, it fails to adequately specify the evidence relied upon and the reasons for revoking his probation as required by Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992).
 "`In Wyatt v. State, 608 So.2d 762, 763
(Ala. 1992), the Alabama Supreme Court held that "Armstrong v. State [, 294 Ala. 100, 312 So.2d 620 (1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation." This requirement obtains even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation."'"
Davidson v. State, 686 So.2d 1312, 1313 (Ala.Cr.App. 1996), quoting Martin v. State, 681 So.2d 1110, 1110 (Ala.Cr.App. 1996).
The trial court's written order revoking Guilford's probation states only, "Probation revoked." (C. 11.) We agree that the trial court's written order is deficient under Armstrong andWyatt. Thus, it is necessary to remand this case for the trial court to issue a written recitation of the evidence relied upon and the reasons for revoking Guilford's probation.
Guilford also claims that the trial court failed to comply with the requirements of Rule 27.6(c), Ala.R.Crim.P., before accepting his admission that he had violated a condition of his probation. However, because Guilford failed to present this claim to the trial court, it is not preserved for appellate review.Trice v. State, 707 So.2d 294 (Ala.Cr.App. 1997).
For the reasons stated above, we remand this case to the trial court with directions that that court produce a written order specifying the evidence it relied on in revoking Guilford's probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMillan, Cobb, Baschab, and Fry, JJ., concur. *Page 231