Perry Shae McDaniel appeals from the order of the trial court revoking his probation. McDaniel contends that the trial court's revocation order is deficient because, he says, it fails to adequately specify the evidence the court relied upon and the reasons for revoking his probation as required by Armstrong v.State, 294 Ala. 100, 312 So.2d 620 (1975).
 "`In Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), the Alabama Supreme Court held that "Armstrong v. State
[, 294 Ala. 100, 312 So.2d 620 (1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation." This requirement obtains even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation."'"
Davidson v. State, 686 So.2d 1312, 1313 (Ala.Cr.App. 1996), quoting Martin v. State, 681 So.2d 1110, 1110 (Ala.Cr.App. 1996).
The trial court's written order revoking McDaniel's probation states only, "Probation is Revoked." (C. 18.) We agree that *Page 1056 
the trial court's written order is deficient under Armstrong. Thus, it is necessary to remand this case to the trial court for that court to issue a written recitation of the evidence relied upon and the reasons for revoking McDaniel's probation. SeeGuilford v. State, 748 So.2d 229 (Ala.Cr.App. 1999).
McDaniel also claims that the trial court failed to comply with the requirements of Rule 27.6(c), Ala.R.Crim.P., before accepting his admission that he had violated a condition of his probation. However, because McDaniel failed to present this claim to the trial court, it is not preserved for appellate review.Trice v. State, 707 So.2d 249 (Ala.Cr.App. 1997).
For the reasons stated above, we remand this case to the trial court with directions that it produce a written order specifying the evidence it relied on in revoking McDaniel's probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMillan, Cobb, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On May 19, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 16, 2000, that court denied rehearing, without opinion.