Billy O'Neal Johnson appeals from an order of the trial court revoking his probation. Johnson contends that the trial court's revocation order is deficient because, he says, it fails to specify the evidence the court relied upon in revoking his probation as required by Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975).
 "`In Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), the Alabama Supreme Court held that "Armstrong v. State[, 294 Ala. 100, 312 So.2d 620 (1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation." This requirement obtains even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation."'"
Davidson v. State, 686 So.2d 1312, 1313 (Ala.Crim.App. 1996), quoting Martin v. State, 681 So.2d 1110, 1110 (Ala.Crim.App. 1996). We are constrained to comply with the holding in Wyatt.
The trial court's order revoking Johnson's probation was handwritten on the case action summary and stated:
 "Defendant with attorney Ed Parish appeared for revocation hearing. Based on Defendant's new convictions for DUI and Possession of Drug Paraphernalia Defendant probation revoked and sentence put into effect."
(C. 1.)
We agree that the trial court's written order is deficient under Armstrong. Thus, it is necessary to remand this case to the trial court for that court to issue a written recitation of the evidence it relied upon in revoking Johnson's probation. SeeGuilford v. State, 748 So.2d 229 (Ala.Crim.App. 1999).
Johnson also claims that the trial court failed to consider less drastic measures *Page 254 
than revoking his probation and failed to credit him for time served on two new offenses. However, because Johnson did not present these claims to the trial court, they are not preserved for appellate review. Trice v. State, 707 So.2d 294
(Ala.Crim.App. 1997). Moreover, Johnson was not entitled to credit for time served on his two new convictions, because at the point he was serving that time, Johnson's probation had not yet been revoked for the offense as to which he now seeks credit. "[A] probationer is not entitled to credit on his sentence for time served on probation." Chapman v. State, 43 Ala. App. 693, 694,199 So.2d 865, 866 (1967).
For the reasons stated above, we remand this case to the trial court with directions that it produce a written order specifying the evidence it relied upon in revoking Johnson's probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMillan, Cobb, Baschab, and Fry, JJ., concur.