The appellant, Kingy Ossarius Holden, appeals from the trial court's order revoking his probation. *Page 160 
On May 6, 1999, Holden pleaded guilty to possession of marijuana in the first degree, a violation of § 13A-12-213, Ala. Code 1975. He was sentenced as a youthful offender to two years' imprisonment; the sentence was suspended, and he was placed on probation for two years.
On May 18, 2000, Monika A. Morris, Holden's probation officer, filed a delinquency report, alleging that Holden had violated the terms and conditions of his probation by: (1) committing a new offense related to dogfighting; (2) changing his address without permission of his probation officer; and (3) failing to avoid injurious or vicious habits and/or people of disreputable character. After a hearing, the trial court revoked Holden's probation — for changing his address without the permission of his probation officer and for failing to avoid injurious or vicious habits and/or people of disreputable character — and ordered that Holden serve his original two-year sentence.
 I.
Holden contends that the trial court erred in revoking his probation because, he says, the State failed to present sufficient evidence to reasonably satisfy the court that he had violated the terms and conditions of his probation. Holden did not object to the sufficiency of the State's evidence before, during, or after the revocation hearing; therefore, this issue was not preserved for review. See, e.g., Wright v.State, 717 So.2d 444 (Ala.Crim.App. 1998); Wadsworth v. State,706 So.2d 858 (Ala.Crim.App. 1997); and Rivers v. State, 689 So.2d 990
(Ala.Crim.App. 1996).
 II.
Holden also contends that the trial court abused its discretion by revoking his probation and ordering him to serve the remainder of his original sentence in confinement instead of imposing a "less onerous" sanction, such as modifying or extending his probation under Rule 27.6, Ala.R.Crim.P. (Holden's brief at p. 10.)
Although Rule 27.6(d), Ala.R.Crim.P., provides that a trial court may "revoke, modify, or continue probation" if it finds that a probationer has violated the terms and conditions of his probation, whether revocation and imposition of the original sentence or some other disposition is appropriate is a matter within the sound discretion of the trial court. Absent a clear abuse of discretion, a reviewing court will not disturb a trial court's conclusions in a probation-revocation proceeding, including the determination whether to revoke, modify, or continue the probation. See, e.g., Ex parte J.J.D., 778 So.2d 240 (Ala. 2000) (holding that a trial court's order in a probation-revocation proceeding will not be reversed absent a clear abuse of discretion); andMoore v. State 432 So.2d 552, 553 (Ala.Crim.App. 1983), quoting Wrightv. State, 349 So.2d 124, 125 (Ala.Crim.App. 1977) (holding that "`[o]nly a gross abuse of discretion will justify the reviewing court in disturbing the trial court's conclusions'"). A trial court abuses its discretion only when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which it rationally could have based its decision. See State v. Jude, 686 So.2d 528
(Ala.Crim.App.), cert. quashed, 686 So.2d 535 (Ala. 1996), citing Dowdyv. Gilbert Eng'g Co., 372 So.2d 11 (Ala. 1979). At the probation-revocation hearing, the State presented testimony that Holden changed his address without permission of his probation officer; that he was seen frequenting an address where police discovered evidence of illegal dogfighting; and that, at that same address, documents were discovered linking Holden to a convicted *Page 161 
felon. Based on the record, we find no abuse of the trial court's discretion in its decision to revoke Holden's probation and to reinstate his original sentence.
 III.
Finally, Holden contends that the trial court's order revoking his probation was insufficient because, he says, the trial court failed to state the reasons it was revoking his probation or the evidence it relied on in doing so. Although Holden did not object at trial to the sufficiency of the trial court's order, it is well settled that "`the adequacy of a written order of revocation can be raised for the first time on appeal.'" Durr v. State, 807 So.2d 595, (Ala.Crim.App. 2001), quoting Owen v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998).
 "`In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.' Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App. 1997). `These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.' T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App. 1994)."
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App. 2000).
Here, the trial court's order revoking Holden's probation was a printed form included with the case action summary, which read, in pertinent part:
 "Upon consideration of the evidence presented by the State at the Defendant's probation revocation hearing; specifically that
 "(1) Changing address without permission of Probation Officer;
 "(2) Failure to avoid injurious and vicious habits or people of disreputable character
 "the Court hereby finds that the Defendant violated the rules of probation/work release."
(C. 9.)
Contrary to Holden's claim, the order properly stated the reasons for revoking Holden's probation — that Holden had changed his address without permission from his probation officer and that Holden had failed to avoid injurious or vicious habits and/or people of disreputable character. However, the order failed to adequately state the evidence the court relied upon in revoking Holden's probation. In James v. State,729 So.2d 364 (Ala.Crim.App. 1998), we stated:
 "Here, although the trial court's written order adequately recites the reasons for revoking the appellant's probation, the order fails to adequately specify the evidence it relied upon. We have consistently found general recitations by the trial court to its considerations of the `testimony,' `sworn testimony,' or `relevant and competent evidence' presented at the revocation hearing to be insufficient for purposes of satisfying the `statement of the evidence relied upon' requirement of Armstrong. See McCloud v. State, 736 So.2d 1131 (Ala.Crim.App. 1998); Thornton v. State, 728 So.2d 1162
(Ala.Crim.App. 1998); Scarbrough v. State, 709 So.2d 82
(Ala.Crim.App. 1997); and Hairgrove v. State, 668 So.2d 887 (Ala.Crim.App. 1995). Thus, the trial court failed to adequately specify the evidence relied upon in revoking the appellant's probation by stating only *Page 162 
 that it had `heard testimony and arguments of counsel.'"
729 So.2d at 365. Furthermore, in Blankenship v. State, 749 So.2d 481
(Ala.Crim.App. 1999), this Court held that "[t]he mere statement in an order that the trial court considered the evidence presented by the state does not satisfy the due process requirements of Rule 27.6(f), Ala.R.Crim.P." 749 So.2d at 482. In Blankenship, the trial court used a printed form identical to the form used in this case. Therefore, the trial court's order, stating only that it relied on "the evidence presented by the State at the defendant's probation revocation hearing," was not adequate.
The State contends, however, that Holden was aware of the evidence the trial court relied on because, at the conclusion of the revocation hearing, the trial court stated:
 "All right. All right Mr. Holden. For the record, sir, I am satisfied you violated the terms and conditions of your probation, those specifically being charge No. 2, you changed your residence or employment without the consent of the probation officer, Ms. Morris; No. 3, that you failed to avoid injurious or vicious habits or avoid persons or places of disreputable or harmful character. I base that on the testimony that's been presented thus far. And in my opinion, you did change your residence and you did so without advising your probation officer and did not have her consent.
 "As to the injurious habits, there's been testimony before this Court that you were observed carrying in pit bulls; that the officer later observed that there were damaged or injured animals on site; that he found materials that were used in dogfighting activities."
(R. 37.)
Contrary to the State's argument, an oral statement by the trial court specifying the evidence it relied on in revoking probation is not a substitute for a deficient written order. The requirement of a written order "`obtains even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation."'" McDaniel v. State,773 So.2d 1055 (Ala.Crim.App. 2000), quoting Davidson v. State,686 So.2d 1312, 1313 (Ala.Crim.App. 1996), quoting, in turn, Martin v.State, 681 So.2d 1110 (Ala.Crim.App. 1996). See also Wyatt v. State,608 So.2d 762 (Ala. 1992); and Taylor v. State, 706 So.2d 1301
(Ala.Crim.App. 1997).
Therefore, based on Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), we must remand this cause for the trial court to prepare a written statement of the evidence it relied on in revoking Holden's probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur. *Page 163