The appellant, Michael Todd Williams, appeals from the trial court's revocation of his probation. The record reveals that Williams was convicted of one count of unlawful possession of a controlled substance and one count of unlawful distribution of a controlled substance. The trial court sentenced Williams to 15 years' imprisonment for the possession conviction and to 20 years' imprisonment for the distribution conviction; the sentences were split, and he was ordered to serve the mandatory term of 3 years' imprisonment on each conviction with the balance of the sentences to be served on supervised probation.
On November 10, 2003, the appellant's probation officer filed a delinquency report, alleging that Williams had failed to comply with the conditions of his probation, namely, that he had been charged with two new offenses.[1] The delinquency report also alleged that Williams had failed to pay court-ordered moneys and supervision fees.
On February 19, 2004, a probation-revocation hearing was conducted. At the revocation hearing, the State presented testimony from Dewayne Lewis, a gas-line installer for Miller Pipe Line Corporation. Lewis testified that he was operating a jackhammer on 9th Court North on October 28, 2003, when he saw Williams walking behind the residence of Tashema Warren, the victim. Williams walked back and forth across the street to Warren's house several times. Lewis stated that Williams was carrying a large object and what appeared to be a Sony PlayStation video-game player away from the rear of the house. Later, when Warren arrived at her house, she became very upset, and Lewis learned that her house had been burglarized. *Page 1015 
Warren testified that on October 28, 2003, she entered her house and noticed that the bathroom window in the back of her house had been knocked out and that the back door was open. Warren stated that her son's PlayStation, a number of video games, and all of her jewelry had been taken, along with some other items she could not specifically recall. Warren reported the crime to the police, who began an investigation.
Several hours later, Lewis informed Warren that he had seen a man behind her house leaving with what appeared to be a television and a PlayStation. The police returned to talk to Lewis; Lewis later participated in a one-man "show-up" identification, during which Lewis positively identified Williams as the man he had seen behind Warren's house.
Warren testified that several days after the theft, when Williams had been released from custody, he came to her door and offered to replace all of the property that had been stolen from her if she would agree to call the detective investigating the case and tell him that Williams was not the individual who had burglarized her house. Warren told Williams that the matter was not in her control. Several days later, Williams asked Warren if she had talked to the detective. Warren stated that she had not.
In his defense, Williams called Michael Tolbert, who testified that he talked to Williams at his house on the afternoon of the alleged crime. Williams was trying to sell Tolbert a combination radio/compact disc player. Once Tolbert determined that the compact disc player did not function, he told Williams he was not interested in buying the item. Even though he had previously told police that Williams had tried to sell him some "electronic equipment," Tolbert denied that Williams had a PlayStation or that Williams had attempted to sell him a PlayStation during this visit.
Based on the evidence presented, the circuit court found that Williams had violated the conditions of his probation, and it revoked his probation and reinstated the original sentence.
On appeal, Williams argues: (1) that his constitutional rights were violated by law enforcement's reliance on a one-suspect "show-up" identification; (2) that the trial court abused its discretion when it revoked his probation because, he says, the State's evidence was insufficient to establish probable cause for arresting him for the burglary; and (3) that the trial court abused its discretion by (a) revoking his probation before the pending charges made the basis of the revocation had been tried and adjudicated, and (b) failing to make specific findings of fact in a written order, pursuant to Wyatt v. State,608 So.2d 761 (Ala.Crim.App. 1992); Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975).
 I.
Williams raises his claim that his constitutional rights were violated by law enforcement's reliance on a one-suspect "show-up" identification for the first time on appeal. In Evans v. State,794 So.2d 1234 (Ala.Crim.App. 2000), this Court stated:
 "Even constitutional issues must be properly preserved for appellate review. Brown v. State, 705 So.2d 871, 875 (Ala.Crim.App. 1997).
 "`The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081
(Ala.Crim.App. 1992). This Court "has recognized, in probation revocation proceedings, only two exceptions to the *Page 1016 
general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held." Puckett, 680 So.2d at 983.'
 "Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). Additionally, as noted earlier, this Court recently held in Law [v. State, 778 So.2d 249
(Ala.Crim.App. 2000),] that a defendant can also raise for the first time on appeal that the trial court erred in failing to advise him of his right to request an attorney during probation revocation proceedings. 778 So.2d at 250."
794 So.2d at 1236-37. Because Williams did not present this claim below, and because it does not fall within one of the three recognized exceptions that can be raised for the first time on appeal, nothing has been preserved for our review.
 II.
Williams's second claim, to the extent that it addresses the sufficiency of the evidence, may be construed as having been preserved by an objection made by counsel at the close of the hearing. However, our review of the record supports the trial court's determination that there was ample evidence from which to reasonably conclude that Williams had violated the terms of his probation.
Rule 27.6(e), Ala. R.Crim. P., provides that a trial court may "revoke, modify, or continue probation" if it finds that a probationer has violated the terms and conditions of his probation; whether revocation and imposition of the original sentence or some other disposition is appropriate is a matter within the sound discretion of the trial court. Absent a clear abuse of discretion, a reviewing court will not disturb a trial court's conclusions in a probation-revocation proceeding, including the determination whether to revoke, modify, or continue the probation. See, e.g., Ex parte J.J.D.,778 So.2d 240 (Ala. 2000) (holding that at a trial court's order in a probation-revocation proceeding will not be reversed absent a clear abuse of discretion); and Moore v. State, 432 So.2d 552,553 (Ala.Crim.App. 1983), quoting Wright v. State,349 So.2d 124, 125 (Ala.Crim.App. 1977) ("`[o]nly a gross abuse of discretion will justify the reviewing court in disturbing the trial court's conclusions.'"). A trial court abuses its discretion only when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which it rationally could have based its decision. See State v.Jude, 686 So.2d 528 (Ala.Crim.App.); Dowdy v. Gilbert Eng'gCo., 372 So.2d 11 (Ala. 1979).
The evidence tended to show that Williams was seen walking to and from the rear of Warren's house several times when she was not in the house. The rear of Warren's house was entered by forcible means and items were taken from the house. Lewis testified that he saw Williams leaving the area of the house carrying a large object and a PlayStation. Warren testified that a PlayStation was taken from her home. Lewis positively identified Williams as the man he saw behind Warren's house.
As to this issue, we find no reversible error in the trial court's judgment.
 III.
Williams's third claim seems to be that the trial court's revocation of Williams's probation was premature because, he argues, the State's evidence was insufficient to prove that Williams had committed the new offenses. This claim is raised for the first time on appeal and, thus, is not properly before this Court. *Page 1017 
See, e.g., Wright v. State, 717 So.2d 444 (Ala.Crim.App. 1998);Wadsworth v. State, 706 So.2d 858 (Ala.Crim.App. 1997); andRivers v. State, 689 So.2d 990 (Ala.Crim.App. 1996).
However, Williams also contends that his sentence was improperly reinstated without a detailed written order identifying the evidence the trial court relied upon in revoking his probation. Although this claim is being raised for the first time on appeal, it is one of the three exceptions to the general-preservation requirement and is therefore properly before this Court for review.
Before probation can be revoked, the circuit court must provide a written order stating the evidence and the reasons relied upon in revoking probation in order to comply with the due-process requirements of Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Wyatt v. State, 608 So.2d 762
(Ala. 1992); Armstrong v. State, supra. "These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct." T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App. 1994).
A written order revoking probation satisfies due-process requirements when that order states that the defendant's probation was revoked because the probationer had been convicted of a new criminal offense. See Trice v. State, 707 So.2d 294,297 (Ala.Crim.App. 1997). However, in Hunter v. State,782 So.2d 845 (Ala.Crim.App. 2000), this Court remanded a case when it could not determine from the written order whether the trial court had revoked the defendant's probation because it was reasonably satisfied that the probationer was guilty of the offense or because of the mere fact that he had been arrested and charged with a new offense. In Hunter, we stated:
 "`On revocation hearings, the standard of proof is not reasonable doubt, but reasonable satisfaction from the evidence.' Thompson v. State, 356 So.2d 757, 760 (Ala.Crim.App. 1978). While certain statements that the trial court made for the record at the conclusion of the revocation hearing strongly suggest that the trial court was indeed reasonably satisfied that Hunter was guilty of DUI [driving under the influence], we are unable to tell from the trial court's written order of revocation whether the court revoked Hunter's probation because it was reasonably satisfied that Hunter was guilty of the charged offense or because of the mere fact that Hunter was arrested and charged with DUI. . . . `"A `mere arrest' or the filing of charges is an insufficient basis for revoking one's probation."' Clayton v. State, 669 So.2d 220, 221 (Ala.Crim.App. 1995), quoting Allen v. State, 644 So.2d 45, 46
(Ala.Crim.App. 1994). `Before revoking probation because the probationer has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.' Wade v. State, 652 So.2d 335, 336 (Ala.Crim.App. 1994)."
782 So.2d at 846 (footnote omitted).
In the instant case, the trial court's written order generally referenced the new offenses but failed to state whether the revocation was predicated on the fact that Williams had two new criminal charges pending against him or whether the revocation was predicated on the fact that the trial court was reasonably satisfied that Williams committed the crimes with which he was charged. We note that the record contains a complete recitation of the trial court's rationale for revoking *Page 1018 
Williams's probation, but the court's written order does not set out the specific evidence it relied upon in deciding to revoke Williams's probation. Although the transcript of the revocation hearing clearly establishes that the State presented sufficient evidence from which the court could be reasonably satisfied that Williams had violated the conditions of his probation and remand is not in the interest of judicial economy, we nevertheless have no choice but to remand this case for a new revocation order, given the Supreme Court's holdings in Armstrong, supra, andWyatt, supra.
Moreover, an oral statement by the trial court specifying the evidence it relied on in revoking probation is not a substitute for a written order. The requirement of a written order "`"obtains even where `the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation.'"'"McDaniel v. State, 773 So.2d 1055, 1055 (Ala.Crim.App. 2000), quoting Davidson v. State, 686 So.2d 1312, 1313 (Ala.Crim.App. 1996), quoting in turn Martin v. State, 681 So.2d 1110, 1110
(Ala.Crim.App. 1996). See also Wyatt v. State, 608 So.2d 762
(Ala. 1992); and Taylor v. State, 706 So.2d 1301 (Ala.Crim.App. 1997).
Based on the foregoing, we must remand this cause for the circuit court to enter a new order reflecting the evidence relied upon, as well as its reason or reasons for revoking Williams's probation, pursuant to the directives of Armstrong and Wyatt.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and SHAW, JJ., concur. BASCHAB, J., concurs in the result.
[1] Although the delinquency report prepared by Williams's probation officer is not included in the record, testimony at the revocation hearing indicated that both Williams and the State were served with a copy of the report. The evidence adduced at the hearing tended to establish that Williams was alleged to have committed two new criminal offenses, specifically, third-degree burglary and obstruction of justice. He was also alleged to be in violation of the terms of his probation for failure to pay court costs, fines, and restitution and for failing to pay his supervision fee.
* Note from the reporter of decisions: On August 13, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.