McMillan, judge.
The appellant, Robert Floyd Thomas, filed this appeal after his probation was revoked. On July 7, 1994, the appellant pleaded guilty to first-degree assault and was sentenced to 15 years’ imprisonment. That sentence was split, and the appellant was ordered to serve two years followed by five years’ probation. After serving two years’ imprisonment on his assault conviction and while on probation, the appellant was arrested on December 4, 1998, and was charged with third-degree burglary. His probation officer filed an “Officer’s Report on Delinquent Probationer” on January 21, 1999, recommending that the appellant’s probation be revoked based upon the appellant’s involvement in a burglary of the Weathers Hardware Store in Albertville, in which about seven handguns were stolen. On February 6, 1999, a warrant of arrest was issued for the appellant. On May 6, 1999, a revocation hearing was held, and the appellant’s probation was revoked based upon evidence that the appellant was in possession of recently stolen handguns.
I.
The appellant argues that he was not given adequate notice of the violations that formed the basis of his probation revocation. The “Officer’s Report on Delinquent Probationer” listed “Violation of condition No. 1, New Offense — Burglary III” as the charge on which the delinquency report was based. However, the trial court’s order revoking the appellant’s probation stated that his probation was being revoked because “he was in possession of recently stolen handguns from a burglary committed at Weather’s Hardware Store in Albertville.” According to the appellant, the notice to him that his probation was in jeopardy indicated that revocation was being considered because he had been charged with third-degree burglary, a crime, he says was different from the one that actually resulted in the revocation of his probation, did not satisfy the minimum due-process requirements set out in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and applied to probation revocation proceedings in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
One of the six conditions required by Morrissey, Gagnon, and their progeny to satisfy due-process requirements during probation revocation proceedings is that the probationer receive “[wjritten notice of the claimed violation of [probation].” Armstrong v. State, 294 Ala. 100, 102, 312 So.2d 620 (1975). The purpose of giving a probationer such notice is to give him or her “a reasonable opportunity to prepare.” Boles v. State, 717 So.2d 877, 880 (Ala.Cr. App.1998) (discussing the reasonableness of the timing of notice). The Supreme Court of Florida stated in Hines v. State, 358 So.2d 183 (Fla.1978):
“[A]n affidavit upon which permanent revocation of probation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence. However, an allegation concerning the commission of a crime need not be set forth with the specificity required in criminal indictments and informations. The primary goal is notice comporting with minimal due process rights.”
*1018 The “Officer’s Report on Delinquent Petitioner” not only states the burglary charge, but gives details, including a note that “about seven handguns, valued at about $2,700.00” were stolen from the Weathers Hardware Store during the evening of November 28, 1998. This detail gave the appellant sufficient notice of the nature, the time, and the place of the offense for which his probation was being revoked. Furthermore, the record reveals that the appellant’s attorney was fully prepared during the revocation hearing to defend against this charge and that the hearing comported with the due-process requirements of Morrissey and Gagnon.
II.
The appellant argues that the trial court erred by revoking his probation solely on the basis of hearsay and uncorroborated accomplice testimony. This Court has stated that “probation cannot be revoked solely upon hearsay evidence.” Moore v. State, 432 So.2d 552 (Ala.Cr.App. 1983). Tommy Cole, chief detective of the Albertville Police Department, testified at the appellant’s probation revocation hearing that he investigated a burglary at Weathers Hardware that led to the appellant’s arrest on December 4, 1998. He testified that 10 handguns had been taken from the store on November 28, 1998. On December 4, Cole investigated an attempt to steal a Weathers Hardware delivery truck from the store’s parking lot, arresting Carlos Brunal, Jr., Kenny Lang, and a juvenile. Upon searching these suspects, Albertville Police found a handgun on Bru-nal that matched the serial number of one of the handguns stolen from Weathers. In a tape-recorded statement, Lang told Cole that the appellant and Brunal had stolen handguns from Weathers on November 28, before going to Lang’s house to stay for a couple of days. Lang told Cole that two of the stolen handguns were hidden at his house, and he gave Cole written consent to search his house. When Cole, Lang, and another officer arrived at Lang’s house, they saw the appellant and Donna Crock-er, Lang’s girlfriend. Crocker gave Cole her written consent to search the house. Although he did not find any handguns inside the house, Cole noticed that the appellant’s shoes were wet, even though the appellant told him that he had not been outside. Cole also saw an article on the kitchen table that had been cut out of the newspaper, describing the Weathers burglary and the missing handguns. He went outside to continue his search, and he found two handguns in an old recliner in a large garbage pile at the rear of a shed. Both guns matched the serial numbers of handguns stolen from Weathers. Crocker testified that she recalled that, on a night in late November, the appellant and Bru-nal woke her and Lang up because they “had something to show us.” Upon getting out of bed, Crocker saw a “table full of guns,” between 10 and 12 handguns. Without saying where the guns came from, the appellant gave Crocker one of the guns and the appellant and Brunal each kept one. Brunal put the rest of the guns in a pillowcase and left with them.
The level of evidence needed to revoke probation is lower than that needed for a conviction. This Court stated in Mitchell v. State, 462 So.2d 740, 742 (Ala. Cr.App.1984):
“It is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be ‘reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.’ Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).”
Crocker’s testimony that the appellant and Brunal woke her up to show her “a table full of guns” about the time guns were stolen from Weathers was neither hearsay nor accomplice testimony; it was sufficient to corroborate Cole’s testimony that Lang had told him that the appellant was involved in the Weathers burglary. Therefore, the trial court’s determination that *1019 the appellant was in possession of recently stolen handguns was not based solely upon hearsay.
III.
The appellant argues that the trial court erred by failing to indicate in its written order the evidence relied upon in revoking his probation, as required by Morrissey and Gagnon. According to Morrissey, the minimum requirements of due process include “a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.” Morrissey, 408 U.S. at 489, 92 S.Ct. 2593. Gagnon extended this requirement to probation revocation hearings. Gagnon, 411 U.S. at 782, 93 S.Ct. 1756. The trial judge in this case wrote in the case action summary sheet:
“After hearing the evidence presented at the probation violation hearing, the court is reasonably satisfied from hearing the evidence that the defendant was in possession of recently stolen handguns which had been taken in a Burglary from Weathers Hardware Store. The defendant has violated the terms of probation by being further in possession of stolen handguns and failing to obey the law.”
The trial judge also issued a written order which stated:
“The evidence relied upon by the court is as follows: he was in possession of recently stolen handguns from a burglary at Weathers Hardware Store, he failed to obey the law, he was also with other known criminals — Carlos Benal [sic].”
Although this written statement informs the appellant of the reasons for the revocation of his probation, nowhere does the circuit court state the specific evidence relied upon in revoking probation. Therefore, this case is due to be remanded to the circuit court with instructions to provide a written statement of the evidence it relied upon in revoking the appellant’s probation. See James v. State, 729 So.2d 364 (Ala.Cr. App.1998). Due return shall be made to this Court within 42 days of the release of this opinion. •
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

 Note from the reporter of decisions: On April 21, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.