In November 1999, the appellant, Ronald Lester Boles, was convicted of first-degree possession of marijuana and was sentenced to 15 years' imprisonment. That sentence was split, and Boles was ordered to serve two years in the custody of the Department of Corrections, followed by supervised probation for a period of five years. While he was on probation, Boles was arrested on April 11, 2003, and was charged with first-degree possession of marijuana and possession of a controlled substance. On April 18, 2003, Boles's probation officer filed a delinquency report, recommending revocation of his probation based on his commission of the new offenses. The trial court issued the following order on April 24, 2003: "Issue Capias and hold Defendant for hearing — No bond."
Boles was tried and convicted of first-degree possession of marijuana and possession of a controlled substance in November 2003. After the jury returned the *Page 136 
guilty verdicts, the trial court revoked Boles's probation.
Boles argues that he did not receive formal notice of the revocation proceedings and that he was denied his due-process rights. The record indicates that the trial court revoked Boles's probation over an objection by defense counsel:
 "[THE COURT]: Are you prepared to address [the allegations in the delinquency report] at this time?
 "[DEFENSE COUNSEL]: Your Honor, my client is not prepared to address that at this time. But I also know that the Court sees no reason why that should not be addressed.
". . .
 "[THE COURT]: Mr. Boles, understand, in reference to a revocation hearing, you are ordinarily entitled to a hearing. We just had a two-day trial more or less addressing the very issues made the subject matter of the revocation petition, the delinquency petition."
This Court has previously held that the probation officer's delinquency report, which includes details of the delinquency charges, gives a probationer sufficient notice of the nature, the time, and the place of the offense for which his probation is being revoked. Thomas v. State, 768 So.2d 1016 (Ala.Crim.App. 2000).
Moreover, the trial court did not err in revoking Boles's probation without conducting a separate revocation hearing. InConnor v. State, 447 So.2d 860 (Ala.Crim.App. 1984), this Court held that the revocation of probation following a conviction on the same charges alleged in the petition for revocation did not violate the due-process requirements ofArmstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
 "Armstrong is grounded on Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which held that parole revocation requires `an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.' 408 U.S. at 484, 92 S. Ct at 2601. The principles outlined in Morrissey were applied to probation revocation hearings by Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
 "Here, we find substantial compliance with Armstrong. Instead of having a probation revocation hearing at which the court would not be bound by strict rules of evidence and the State's evidence need only reasonably satisfy the trial judge, [the appellant] was tried on the indictment for the criminal offense which was the basis of the delinquency report. This was more than due process requires to revoke his probation. `(N)either our statute, . . . nor the Constitution requires a final conviction of probationer on the offense charged before his probation may be revoked.' Free v. State, 392 So.2d 857, 859 (Ala.Cr.App. 1980), cert. denied, Ex parte Free, 392 So.2d 859 (Ala. 1981).
". . .
 "To remand this case for a revocation hearing would accomplish nothing. It would not provide [the appellant] with any right or opportunity to exercise any right which he has not already had, such as an opportunity to present evidence in mitigation. Under the facts of this case, we find that the manner in which [the appellant's] probation was revoked did not violate the fundamental fairness guarantees of due process."
447 So.2d at 862.
Boles also argues that the trial court's revocation order was insufficient. *Page 137 
Although raised for the first time on appeal, this claim is among the recognized exceptions to the preservation requirement.[1]
The trial court's revocation order states that the evidence relied on and the reasons for revocation are a "verdict of guilty on two counts in CC-03-3077 — marijuana 1st and poss. cocaine."[2] This Court is bound by the Alabama Supreme Court's holding in Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), which requires the revocation order to contain "a written order setting forth the evidence relied upon and the reason for the revocation." See also Naves v. State, 816 So.2d 1072
(Ala.Crim.App. 2001). In Johnson v. State, 778 So.2d 252, 253
(Ala.Crim.App. 2000), the following order was found to be deficient:
 "`Defendant with attorney Ed Parish appeared for revocation hearing. Based on Defendant's new convictions for DUI and Possession of Drug Paraphernalia Defendant probation revoked and sentence put into effect.'"
Therefore, pursuant to Wyatt, supra, this case is remanded for the Madison Circuit Court to issue a sufficient order of revocation, including a statement of the evidence relied on and the reasons for revocation. Due return shall be made to this Court within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB and WISE, JJ., concur.
SHAW, J., concurs in the result, with opinion.
BASCHAB, J., dissents, without opinion.
[1] The general rules of preservation apply in revocation proceedings. Puckett v. State, 680 So.2d 980 (Ala.Crim.App. 1996). This Court has recognized the following exceptions to the general rules: (1) the requirement of an adequate order of revocation, and (2) the requirement that a revocation hearing actually be held. Id. This Court has also held that an appellant can argue for the first time on appeal the trial court's failure to inform him of his right to request counsel for probation revocation proceedings. Law v. State, 778 So.2d 249
(Ala.Crim.App. 2000).
[2] On the case action summary sheet the trial court inadvertently marked the box stating that the defendant admitted the violations. This was clearly a clerical error, because the handwritten order states that revocation is based on the convictions.
* Note from the reporter of decisions: On August 19, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.