This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
Donald Hairgrove, the appellant, appeals from the revocation of his probation. The appellant contends that the trial court's order revoking his probation does not contain the trial court's reasons for revoking the appellant's probation or a statement of the evidence relied upon in doing so. The case action summary sheet reads as follows:
 "This cause coming on for probation revocation hearing, the Defendant being present and represented by appointed counsel, Donald Doerr, and the Court having taken and considered sworn testimony, the Court finds based upon the testimony presented that the Defendant has violated the terms and conditions of his probation by committing new offenses constituting Burglary 1st, Theft of Property 1st, Robbery 1st, and Certain Persons Forbidden to [Possess] a Pistol Based upon the seriousness of the new offenses and the Defendant's extensive criminal history, no intermediate [sic] would be appropriate and would tend to denigrate the seriousness of both. It is therefore ordered that the Defendant's probation is revoked."
(R. 20.) While the trial court's order does contain the reasons the appellant's probation was revoked (the commission of new offenses), it does not specify the evidence the trial court relied upon in revoking the appellant's probation. While the trial court stated at the end of the record the evidence relied upon in revoking probation, this is not sufficient to cure the deficiency in the trial court's written order. In Wyatt v.State, 608 So.2d 762 (Ala. 1992), the Alabama Supreme Court reiterated it holding "that Armstrong v. State [294 Ala. 100,312 So.2d 620 (1975)] requires a written order setting forth the evidence relied upon and the reason for the revocation."
Therefore, this case is remanded with directions to the trial court to enter an order stating the evidence relied upon and the reasons for the revoking of the appellant's probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion. The parties have not relinquished their positions regarding the other issue raised on appeal, and this court reserves comment on that issue until the trial court complies with the directions contained herein and makes a proper return is made to this court. *Page 888 
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* On September 8, 1995, on return to remand, the Court of Criminal Appeals affirmed, without opinion.