LONG, Judge.
This is an appeal from a revocation of probation.
Probation officer Darrell Wheeler, the only witness at the probation revocation hearing, testified that the appellant had violated the following condition of his probation — that he not commit a new offense. The State then introduced certified copies of the appellant’s conviction in Marshall County for the misdemeanor offense of driving under the influence and his waiver of counsel. Wheeler testified that another probation officer, Warren McDonald, told him about the offense. The record contains a “supervisor’s report on delinquent probationer” prepared by McDonald that describes the offense. Wheeler also testified that the basis of his knowledge of the driving under the influence offense was his conversation with McDonald, McDonald’s report, and the certified copies of the conviction and the waiver of counsel.
The appellant raises three issues. He contends (1) that he was not afforded an initial appearance after his arrest for a probation violation pursuant to Rule 27.5(a), A.R.Crim. P.; (2) that the trial court’s decision to revoke his probation was based solely on hearsay evidence; and (3) that the trial court failed to make a written statement of the evidence relied upon in revoking his probation.
With regard to the appellant’s second claim, he correctly states that “ ‘[h]ear-say evidence cannot be the sole support for revoking probation.’ ” Hollis v. State, 598 So.2d 38, 39 (Ala.Cr.App.1992) (quoting Ex parte Belcher, 556 So.2d 366, 368 (Ala.1989)). Wheeler’s testimony as to what he was told by McDonald was obviously hearsay. Moreover, “ ‘[a] probation officer’s report standing alone, with no primary evidence to support it, cannot form the sole evidentiary basis for the revocation of probation.’ ” Stanley v. State, 587 So.2d 1258, 1259 (Ala.Cr.App.1991) (quoting Mitchell v. State, 462 So.2d 740, 741 (Ala.Cr.App.1984)). We note, however, that probation may be revoked solely by the introduction of a certified copy of another conviction when a certified copy of part of the proceedings in the court of conviction is also introduced showing either that the appellant was represented by counsel or that the appellant intelligently waived counsel. Powell v. State, 485 So.2d 379 (Ala.1986); Jett v. State, 488 So.2d 506 (Ala.Cr.App.1985); Hollingsworth v. State, 410 So.2d 133 (Ala.Cr.App.1981), writ quashed, 410 So.2d 134 (Ala.1982). When the other conviction is a misdemeanor, the requirement that it be shown that the appellant was represented by counsel or that the appellant intelligently waived counsel applies only if the appellant was sentenced to jail for that other conviction. See *1026 Robinson v. State, 649 So.2d 1331 (Ala.Cr.App.1994). Nonetheless, because it is necessary to remand this case to the trial court, we need address at this time only the appellant’s contention that the trial court failed to make a written statement of the evidence relied upon in revoking his probation.
In Wyatt v. State, 608 So.2d 762, 763 (Ala.1992), the Alabama Supreme Court stated: “Armstrong v. State[, 294 Ala. 100, 312 So.2d 620 (1975)] requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama.” The State concedes that the revocation order in this case is indistinguishable from the order we held defective in Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App.1995), and requests that we remand with directions requiring that the trial court specify the evidence it relied upon. We agree. As was the ease in Hairgrove, “[w]hile the trial court’s order does contain the reason[ ] the appellant’s probation was revoked (the commission of [the] new offensef ]), it does not specify the evidence the trial court relied upon in revoking the appellant’s probation.” 668 So.2d at 887.
This case is remanded with directions to the trial court to enter an order stating the evidence relied upon in revoking the appellant’s probation. A return to remand shall be filed with this Court within 35 days of the date of this opinion. The parties, of course, have not relinquished their respective positions regarding the other issues raised on appeal, and this court reserves comment on those issues until the trial court complies with the directions contained herein and a proper return is made to this Court.
REMANDED WITH DIRECTIONS*
All Judges concur.

 Note from the Reporter of Decisions: The Court of Criminal Appeals on October 20, 1995, on retum to remand, affirmed, without opinion.