COBB, Judge.
The appellant, Douglas Fuqua, appeals the trial court’s revocation of his probation. The only issue raised on appeal is whether the trial court properly revoked the appellant’s probation. The State concedes that the trial court’s written order purporting to revoke the appellant’s probation is inadequate because it fails to state the evidence relied upon and the reasons for revoking the appellant’s probation. The order stated:
“This being the day set for Revocation Hearing of Suspended Sentence, and with defendant appearing in open court with his attorneys, and testimony being taken and statements being made and the Court considering the same, the suspended sentence is revoked and defendant ordered to serve the sentence previously imposed. Defendant [is] given credit for time already served.”
C.R. 4.
In Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App.1995), this court stated:
“While the trial court stated at the end of the record the evidence relied upon in revoking probation, this is not sufficient to cure the deficiency in the trial court’s written order. In Wyatt v. State, 608 So.2d 762 (Ala.1992), the Alabama Supreme Court reiterated its holding ‘that Armstrong v. State [, 294 Ala. 100, 312 So.2d 620 (1975) ] requires a written order setting forth the evidence relied upon and the reason for the revocation.’ ”
This court has held that an objection to the inadequacy of the written order of probation revocation need not be raised at trial in order to be reviewed on appeal. Puckett v. State, 680 So.2d 980 (Ala.Cr.App.1996).
Therefore, this case is remanded with directions to the trial court to enter an order stating the evidence relied upon and the reasons for revoking the appellant’s probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.