On September 27, 1996, we remanded this cause to the trial court with directions to enter an order stating the evidence it relied on in revoking the appellant's probation. The trial court has done so, stating that the revocation of the appellant's probation was based on the "entire record, statements of the Defendant, and certified copies of convictions from the State of Florida including Defendant's admission of subsequent arrests and convictions." The trial court further indicated that the certified convictions were for loitering and prowling, and that the appellant had been sentenced to 60 and 90 days' confinement, respectively.
Because the trial court's order contains a summary of the specific evidence it relied on in revoking the appellant's probation, it has cured the deficiency in the original order.Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App. 1995). The court's judgment, revoking the appellant's probation, is affirmed.
AFFIRMED.
All Judges concur.