709 So.2d 82 (1997)
Roy Douglas SCARBROUGH, Jr.
v.
STATE.
CR-96-0409.
Court of Criminal Appeals of Alabama.
August 22, 1997.
Opinion on Return to Remand October 31, 1997.
Thad Yancey, Jr., Troy, for appellant.
*83 Bill Pryor, atty. gen., and P. David Bjurberg, asst. atty. gen., for appellee.
McMILLAN, Judge.
The appellant, Roy Douglas Scarbrough, Jr., appeals from the revocation of his probation. The appellant contends that the trial court's order revoking his probation does not contain the trial court's reasons for revoking his probation or a statement of the evidence relied upon in doing so. The trial court's order revoking probation is as follows:
"This cause being heard in respect of the probation revocation proceedings initiated against Defendant, and the Defendant being present before the Court and represented by his attorney, Hon. Thad Yancey, Jr., and the Court considering the relevant and competent evidence presented (including those matters of which judicial notice is taken), does find that the Defendant has violated condition No. 1 of probation as charged in the `Supervisor's Report On Delinquent Probationer,' to-wit: by committing the new offense of Theft of Property, 2nd Degree. The Court is of the further opinion and does hereby find that the Defendant's probation should be revoked.
"It is, therefore, ORDERED, ADJUDGED, and DECREED that the Defendant's probation in this cause is hereby revoked and Defendant's sentence of two years imprisonment in the penitentiary of the State of Alabama is hereby executed. Defendant is remanded to the custody of the Sheriff for delivery to the Alabama Department of Corrections and service of sentence.
"DONE THIS THE 25th day of November, 1996."
Although the trial court's order does state the reason for revoking the appellant's probationthe commission of the new offense it does not specify the evidence the trial court relied upon in revoking the appellant's probation. See Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App.1995); Wyatt v. State, 608 So.2d 762 (Ala.1992); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
This cause is therefore, remanded with instructions to the trial court to enter an order stating the evidence relied upon in determining the reasons for the revoking of the appellant's probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand
McMILLAN, Judge.
On August 22, 1997, we remanded this cause to the trial court with instructions to enter an order stating the evidence relied upon in determining the reasons for revoking the appellant's probation.
The trial court, in compliance with our instructions, issued the following order:
"This matter coming before the Court on remand from the Alabama Court of Criminal Appeals, and the Court, in accordance with instructions to enter an order stating the evidence relied upon in determining whether to revoke Defendant's probation, sets forth the following: In the November 25, 1996, revocation hearing, the State called as witness Detective Ron Edwards of the Troy Police Department, who investigated the new charge of Theft of Property, Second degree, brought against Defendant. Investigator Edwards testified that during the latter part of September 1996, Roy Scarbrough, Jr., was serving time in the Troy City Jail for unpaid court-ordered monies. On September 28, 1996, Troy City Jailer, Darlene Hill, was notified by Troy City Jailer Richard Lee that inmate James Edward Scott's property had been taken from the jail property room. Investigation by Detective Ron Edwards revealed that there were only two trustees that had been allowed out to their cells. One of these trustees was Roy Scarbrough. On September 27, 1996, Scarbrough had asked if he could go into the property room to see if he had any cigarettes. Jailer Lee gave Scarbrough the door key and then left the area. Scarbrough was the only inmate allowed out of the jail at the time and had been the only one in the *84 property room. Investigation by Detective Edwards revealed that on the afternoon of September 27, 1996, Scarbrough was visited by his mother and father at approximately 5:00 p.m. and that Scarbrough gave his parents a white plastic bag containing some clothes that they took home with them. On September 30,1996, Scarbrough was interviewed by Detective Edwards and Detective Mike Folmar. After being advised of his rights, Scarbrough gave a written and taped confession that on September 27, 1996, he had asked the jailer if he could check and see if he had any cigarettes in his property box. Scarbrough stated that he then looked in inmate James Edward Scott's box and stole a snakeskin belt, a wallet, and two cigarette lighters. Scarbrough further stated that he went to the oil storage shed and took money out of the wallet and threw the wallet on the ground. Scarbrough stated that he gave his parents the money to take home. NOTE: Defendant subsequently pleaded guilty to the new theft offense on March 7, 1997. A copy of the Court's sentencing order in said casei.e., Case No. CC-97-M-47is attached hereto as an exhibit.
"The Court now having complied with the instructions received on remand, the Circuit Clerk is to immediately transmit a copy of this order to the Alabama Court of Criminal Appeals."
Because the trial court's order sufficiently states the evidence relied upon and the reasons for revoking the appellant's probation, its order revoking the appellant's probation is affirmed.
AFFIRMED.
All judges concur.