The appellant was convicted of possession of a controlled substance and was sentenced to three years' hard labor. On June 25, 1997, he was placed on three years' probation. On November 5, 1997, his probation officer issued a delinquency report, charging that the appellant had violated a condition of his probation by committing a new offense, i.e., harassment. After a hearing, the trial court revoked the appellant's probation.
 I.
The appellant contends that the trial court erred in revoking his probation because, he says, the evidence was insufficient to show that he struck another person with the intent to harass, annoy, or alarm that person, as required by § 13A-11-8, Ala. Code 1975. He argues that the evidence showed that he "simply acted to defend himself from assaultive behavior from the two law enforcement officers." *Page 1133 
At the revocation hearing, Officer Kenny Horne testified that he had received information that the appellant was selling crack cocaine in the area of Linden Street. He and Officer Brian Smith went to that location and saw the appellant and a companion. As the officers approached, the appellant saw them, put his hand to his mouth, and began to chew "frantically," according to Horne. Horne said that it is common practice for dealers to chew and swallow drugs so officers cannot recover them. He said that he got out of his vehicle and asked the appellant to open his mouth, and the appellant did so. Horne saw several pieces of a substance that he believed was crack cocaine. He tried to get the appellant to spit the substance out. A struggle ensued, during which the appellant was "pushing," Horne said, and during which he hit Horne in the chest with an elbow.
Based on the information he had received and the appellant's conduct, Officer Horne had a reasonable suspicion that the appellant was engaged in a criminal activity, and that he could briefly detain him for questioning. Terry v. Ohio, 392 U.S. 1
(1968). When Horne saw what appeared to be crack cocaine in the appellant's mouth, his suspicion was sufficiently confirmed to supply him probable cause to seize the substance. Warden v. Hayden, 387 U.S. 294 (1967). The appellant's subsequent refusal to spit the substance out created a great likelihood that the evidence would be destroyed, and the officers properly intervened. Based on the uncontested testimony, Officers Horne and Smith were engaged in their duties as law enforcement officers when the appellant struck Officer Horne.
 II.
The appellant contends that the trial court's order does not state the evidence relied on by the judge and that therefore, it does not meet the standard set out in Rule 27.6(f), Ala.R.Crim.P. According to the record, the trial court's written entry of judgment states the following:
 "Upon hearing testimony court finds substantial evidence that [Defendant] has committed offense of harassment probation is revoked."
This order does not satisfy the "evidence" requirement of Rule 27.6(f) and Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). See Scarbrough v. State, 709 So.2d 82 (Ala.Cr.App. 1997); Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App. 1995). Therefore, this cause is due to be remanded to the trial court with instructions to enter the reasons for revoking the appellant's probation and the evidence relied upon. A return should be made with this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and Cobb, Brown, and Baschab, JJ., concur.