Dominique Thornton appeals from the circuit court's order revoking his probation. Thornton contends that the circuit court's order is insufficient because, he says, it Fails to set out the evidence relied upon in revoking his probation as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (Ala. 1975).
The circuit court's order revoking probation reads, in pertinent part, as follows:
 "Comes now the defendant and counsel and counsel for the state of Alabama on a probation revocation hearing in this case. The defendant having been charged with *Page 1163 
violating the terms and conditions of his probation, to-wit:
"1) New Offense — Robbery, 1st Degree;
"2) New Offense — Robbery, 1st Degree;
"3) Moving Without Permission of Parole Officer;
"4) Failure to Report/Absconding Supervision;
 and the Court having heard testimony and arguments of counsel, adjudged the defendant guilty of violating the terms and conditions of probation and hereby ORDERS that the defendant privation be revoked. The defendant is remanded to the custody of the Commissioner of the Department of Corrections for the remainder of his sentence."
Although the trial court's order states the reason for revoking the appellant's probation, it does not set out the evidence it relied upon. See Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App. 1995); Wyatt v. State, 608 So.2d 762 (Ala. 1992). In its brief to the court, the state agrees that the circuit court's order is insufficient, and asks this court to remand the case to the circuit court.
We, therefore, remand the case to the circuit court with directions that it enter an order stating the evidence relied upon in revoking Thornton's probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this court as the earliest possible time within 45 days of the released of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.
 On Return to Remand
On August 14, 1998, we remanded this case to the court with instructions that the court enter a written statement stating the evidence it relied upon in revoking Dominique Thornton's probation. The circuit court has filed a return to our remand, which shows that it has complied with our instructions. The circuit court's return indicated that it relied upon the probation officers' testimony that Thornton was instructed on the conditions of probation, including that he should not violate any federal, state, or local law; that he should not change residence or employment without the consent of his probation officer; and that he should report to his probation officer as directed, and that Thornton had violated all of those conditions and had pleaded guilty to two counts of robbery in the second degree on December 18, 1997. The order fully sets out the evidence the circuit court relied upon.
Thornton contends that the evidence was insufficient to support a revocation of his probation because, he says, only hearsay evidence was presented regarding the allegations that he had committed two robberies, i.e., the uncorroborated facts set out in the probation delinquency report. At the revocation hearing Thornton testified and admitted that he had pleaded guilty to robbing two juveniles.
Thornton also contends that the only evidence presented regarding the charge of moving his residence without permission was hearsay. This contention is, likewise, refuted by the record. Thornton testified that he went to Oklahoma, that he remained there two or three months, that his probation officer told him to return to Mobile, and that he intended to come back, but "it just didn't work out."
Without question, there was sufficient direct evidence presented that Thornton had violated the terms of his probation.
The circuit court's judgment is due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10
(e), Ala. Code 1975.
AFFIRMED.
ALL JUDGES CONCUR. *Page 1164