The appellant, Andrew James, Sr., appeals from the order of the trial court revoking his probation.
 I.
The appellant contends that "the trial court should have imposed a less drastic remedy than revocation of probation." (Appellant's Brief at p. 7.) He specifically contends that the revocation of his probation was not in compliance with Rule 26.8, Ala. R. Crim. P., and § 15-22-54, Ala. Code 1975. However, the record reflects that the appellant did not raise this issue in the trial court. Therefore, this issue is not properly preserved for review by this court. See Stallworth v. State, 690 So.2d 551
(Ala.Cr.App. 1997); Puckett v. State, 680 So.2d 980
(Ala.Cr.App. 1996).
 II.
The appellant contends that the trial court's revocation order fails to adequately specify the evidence relied upon in revoking his probation, as required by Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992). See Rule 27.6(f), Ala. R. Crim. P.
The trial court's written order of revocation states, in pertinent part:
 "Comes now the defendant and counsel and counsel for the State of Alabama on a probation revocation hearing in this case. The defendant having been charged with violating the terms and conditions of his probation, to-wit:
"1) Failure to Report to Probation Officer;
"2) Failure to Pay Supervision Fees;
"3) Failure to Pay Court Ordered Monies;
"4) Failure to Report to Court Referral Officer;
 "and the Court having heard testimony and arguments of counsel, adjudged the defendant guilty of all four charges of violating the terms and conditions of probation and hereby ORDERS that the defendant's probation be revoked. The defendant is remanded to the custody of the Commissioner of the Department of Corrections for the remainder of his sentence."
(C.10.)
In order for the due process requirements set forth inArmstrong and Rule 27.6(f), Ala. R. Crim. P., to be met, the trial court's order revoking probation must be in writing and must recite the reasons for the revocation and the evidence relied upon in ordering the revocation. Wyatt, 608 So.2d at 763. Here, although the trial court's written order adequately recites the reasons for revoking the appellant's probation, the order fails to adequately specify the evidence it relied upon. We have consistently found general recitations by the trial court to its consideration of the "testimony," "sworn testimony," or "relevant and competent evidence" presented at the revocation hearing to be insufficient for purposes of satisfying the "statement of the evidence relied upon" requirement of Armstrong. See McCloud v. State, [Ms. CR-97-0765, August 28, 1998] ___ So.2d ___ (Ala.Cr.App. 1998); Thornton v. State,728 So.2d 1162 (Ala.Cr.App. 1998); Scarbrough v. State, 709 So.2d 82
(Ala.Cr.App. 1997); and Hairgrove v. State, 668 So.2d 887
(Ala.Cr.App. 1995). Thus, the trial court failed to adequately specify the evidence relied upon in revoking the appellant's *Page 366 
probation by stating only that it had "heard testimony and arguments of counsel."
Although the transcript of the probation revocation hearing presents evidence that supports the court's order revoking the appellant's probation, the Alabama Supreme Court held in Wyatt that the trial court must issue a written order stating the reasons for the revocation and the evidence it relied upon, even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation." 608 So.2d at 763.
We therefore remand this case to the trial court with directions that that court produce a written statement of the evidence relied upon in revoking the appellant's probation. A copy of the trial court's statement shall be returned to this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.
* Note from the reporter of decisions: On February 5, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.