The appellant, Gary Lelton Blankenship, appeals from an order revoking his probation. In April 1997, the appellant pleaded guilty to, and was convicted of, possession of a controlled substance, and was sentenced *Page 482 
to four years' imprisonment. The appellant was placed on probation for two years, and the balance of his sentence was suspended.
In July 1998, the appellant's probation officer filed a delinquency report, alleging that the appellant had failed to avoid "injurious or vicious habits," in violation of the terms of his probation. Following a hearing, the trial court revoked the appellant's probation. The court issued its revocation order on March 5, 1999.
The appellant contends that the trial court's written order stating its reasons for revoking his probation and stating the evidence it relied upon in doing so is inadequate, and, therefore, that the order did not satisfy the requirements of due process mandated by Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973); see Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975).
Rule 27.6(f), Ala.R.Crim.P., states, "The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation."
In its order revoking the appellant's probation, the trial court stated:
 "Upon consideration of the evidence presented by the State at the Defendant's probation hearing; specifically that [the appellant] failed to avoid injurious or vicious habits, the Court hereby finds that the Defendant violated the rules of probation.
 "The Court determines that no measure short of incarceration will avoid depreciating the seriousness of the violation considering the basis of the original offense and the intervening conduct of the Defendant."
(C. 24.)
Here, although the trial court's written order recites the reason for the revocation, i.e., "[the appellant] failed to avoid injurious or vicious habits," it fails to state what evidence the court relied on to revoke the appellant's probation. The mere statement in an order that the trial court considered the evidence presented by the state does not satisfy the due process requirements of Rule 27.6(f), Ala.R.Crim.P.[1] See James v.State, 729 So.2d 364 (Ala.Cr.App. 1998); Thornton v. State,728 So.2d 1162 (Ala.Cr.App. 1998); Cornelius v. State,733 So.2d 917 (Ala.Cr.App. 1998); McCloud v. State,736 So.2d 1131 (Ala.Cr.App. 1998); Scarbrough v. State,709 So.2d 82 (Ala.Cr.App. 1997); and Hairgrove v. State,668 So.2d 887 (Ala.Cr.App. 1995). Thus, we hold that the trial court's statement that it considered the evidence offered at the revocation hearing fails to adequately specify the evidence relied on in revoking the appellant's probation.[2]
We therefore remand this case to the trial court with directions that that court produce a written order of the evidence relied on in revoking the appellant's probation. A copy of the trial court's order shall be returned to this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
Long, P.J., and McMillan, Cobb, Baschab, and Fry, JJ., concur.
[1] In Wyatt v. State, 608 So.2d 762 (Ala. 1992), the Alabama Supreme Court held that the trial court must issue a written order stating the reasons for the probation revocation and the evidence it relied on, even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation." 608 So.2d at 763.
[2] For examples of orders satisfying the due process requirements of Gagnon, see Hughes v. State, 695 So.2d 193, (Ala.Cr.App. 1996), and Harrelson v. State, 651 So.2d 1151
(Ala.Cr.App. 1994). *Page 1265