The appellant, William Ben Coleman, Jr., appeals the trial court's revocation of his probation. On appeal, Coleman contends that the trial court did not properly revoke his probation. Specifically, Coleman asserts that the trial court did not make a valid written statement of the evidence it relied on and the reasons for revoking probation. The State concedes that Coleman's argument has merit.
In Armstrong v. State, 312 So.2d 620, 623 (Ala. 1975), the Alabama Supreme Court established minimal due-process guidelines that must be met before probation can be revoked. One such guideline requires "[a] written statement by the judge as to the evidence relied on and reasons for revoking probation." Id. See also Davidson v. State, 686 So.2d 1312 (Ala.Cr.App. 1996); Martin v. State, 681 So.2d 1110 (Ala.Cr.App. 1996); and Fuqua v. State,695 So.2d 647 (Ala.Cr.App. 1996). "The inadequacy of the written order of probation revocation need not be raised at trial in order to be reviewed on appeal." Fuqua v. State, 695 So.2d at 648
(citing Puckett v. State, 680 So.2d 980 (Ala.Cr.App. 1996)).
In the present case, the record indicates that the trial court entered the following written statement into the case action summary:
 "The Defendant appeared before the Court for revocation hearing with attorney Al Smith. Based on new charges and sworn testimony of Officer Clint Reaves with Georgiana Police Department, Defendant's probation [is] revoked and sentence put into effect."
While the trial court's written statement indicates the evidence it relied on, it failed to adequately state the reasons for revoking Coleman's probation. See Hairgrove v. State, 668 So.2d 887
(Ala.Cr.App. 1995) (the trial court's order contained the reasons the appellant's probation was revoked, but it did not specify the evidence relied upon in revoking the appellant's probation).
The trial court's order revoking probation did not meet the requirements of Armstrong. Therefore, this case is remanded with directions to the trial court to *Page 312 
enter an order stating the evidence relied upon and the reasons for revoking the appellant's probation. The trial court shall make due return to this Court within 30 days of the release of this opinion
REMANDED WITH INSTRUCTIONS.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.