BASCHAB, Judge.
The appellant, Joel Lee Rhodes, pled guilty to second-degree assault, and the trial court sentenced him to serve a term of ten years in prison. On January 19, 2000, the trial court placed him on supervised probation for five years. On March 27, 2001, the appellant’s probation officer initiated proceedings to revoke the appellant’s probation, alleging that the appellant had committed the new offenses of driving under the influence (“DUI”) and first-degree receiving stolen property. After conducting a hearing, the circuit court revoked the appellant’s probation. This appeal followed.
I.
The appellant argues that the trial court erroneously sustained the State’s hearsay objection to the testimony of defense witness Henry Davis. During defense counsel’s direct examination of Davis, the following occurred:
“[DEFENSE COUNSEL]: When did Kareese leave [the appellant’s] residence?
“[DAVIS]: Well, it was Kareese, Adeal, [the appellant], and Randy. They left together.
“[DEFENSE COUNSEL]: Where were they going, do you know?
“[DAVIS]: They supposed to went to the store, going to the store to get some breakfast meat and some dog food.
“[DEFENSE COUNSEL]: Who got in to drive?
“[DAVIS]: [The appellant] got in to drive because Kareese had told [him] that — •
“[PROSECUTOR]: I object to what Kareese told him.
“THE COURT: Sustained.
“[DEFENSE COUNSEL]: For the Record, this is an 1101(b)(3) hearing, according to Mr. Gamble, the rules of evidence can be relaxed if the evidence is material evidence to assist the trier of facts in its decision. We ask the rules be relaxed for that purpose.
“[PROSECUTOR]: The purpose— the problem is the rules also state there is some indicia of reliability of whatever that person is saying. Ka-reese is a convicted felon and is on the lamb now. So there is no indicia of any reliability to anything he says.
“THE COURT: All right. I’m going to sustain the objection because relaxing the rules is a two way street.”
*373 (R. 15-16.) The appellant did not make an offer of proof to show what the substance of Davis’ testimony would have been or that Davis’ testimony would have been relevant. Therefore, he did not properly preserve this issue for our review. See Heard v. State, 584 So.2d 556 (Ala.Crim.App.1991).
II.
The appellant also argues that, in its written revocation, order, the ¡circuit court did not adequately state the evidence upon which it relied in revoking his probation, as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). In its revocation order, the circuit court stated:
“Upon hearing testimony the Court finds that there is substantial evidence that [the defendant] committed the offense of DUI and his probation is revoked.”
(C.R.2.)
“We have consistently found . general recitations by the trial court to its .consideration of the ‘testimony,’ ‘sworn testimony,’ or ‘relevant and competent evidence’ presented at the revocation hearing to be insufficient for purposes of satisfying the ‘statement of the evidence relied upon’ requirement of Armstrong. See McCloud v. State, 736 So.2d 1131 (Ala.Cr.App.1998); Thornton v. State, 728 So.2d 1162 (Ala.Cr.App. 1998); Scarbrough v. State, 709 So.2d 82 (Ala.Cr.App.1997); and Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App.1995).”
James v. State, 729 So.2d 364, 365 (Ala.Crim.App.1998). In its written revocation order, the circuit court did not adequately state the evidence upon which it relied in revoking the appellant’s probation. Accordingly, we remand this case to the circuit court for that court to enter a written order that states the evidence upon, which it relied in revoking the appellant’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 21 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On February 22, 2002, on return to remand, the Court of Criminal Appeals dismissed the ap- ■ peal, without opinion.