SHAW, Judge.
Russell Allen Cottle, Jr., appeals from the order of the trial court revoking his probation.
On February 19, 1998, pursuant to a plea agreement with the State, Cottle pleaded guilty to robbery in the third degree and was sentenced to three years’ imprisonment. The sentence was suspended and Cottle was placed on probation for three years. On June 13, 2000, Stephen McGill, Cottle’s probation officer, filed a delinquency report, alleging that Cottle had violated the terms and conditions of his probation by: (1) failing to report to his court-referral officer for a drug test, and (2) leaving the range of his monitoring device without permission. After a revocation hearing on March 22, 2001, the trial court revoked Cottle’s probation.
I.
Cottle contends that the trial court erroneously revoked his probation without considering mitigating factors, specifically, that he had been diagnosed with a mental disorder. Cottle also contends that the State failed to prove that he had been notified of the terms and conditions of his probation. See Rule 27.6(e), Ala. R.Crim.P. (“Probation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation.”). Neither of these issues was presented to the trial court. In Evans v. State, 794 So.2d 1234 (Ala.Crim.App.2000), this Court stated:
*214 “ ‘The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Crim.App.1992). This court “has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.” Puckett, 680 So.2d at 983.’
“Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998). Additionally, as noted earlier, this Court recently held in Law [v. State, 778 So.2d 249 (Ala.Crim.App.2000)], that a defendant can also raise for the first time on appeal that the trial court erred in failing to advise him of his right to request an attorney during probation revocation proceedings. 778 So.2d at 250.”
794 So.2d at 1236-37. These claims do not fall within one of the exceptions to the general rules of preservation that have been recognized in probation-revocation proceedings. Therefore, because Cottle did not raise these issues in the trial court, they are not properly before this Court for review.
II.
Cottle contends that the trial court’s order revoking his probation was insufficient because, he says, the trial court failed to state the evidence it relied on in revoking his probation. Although Cottle did not object to the sufficiency of the trial court’s order, it is well settled that “ ‘the adequacy of a written order of revocation can be raised for the first time on appeal.’ ” Durr v. State, 807 So.2d 595, 595 (Ala.Crim.App.2001), quoting Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
“ ‘In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App.1994).”
Chenault v. State, 111 So.2d 314, 316-17 (Ala.Crim.App.2000).
In its written order, the trial court stated that it was revoking Cottle’s probation because Cottle had failed to report to his court-referral officer and because Cottle had exceeded the permissible range of his monitoring device. Therefore, it properly stated the reasons for revoking Cottle’s probation. However, the trial court stated in its order only that it was basing its decision on “testimony in open court.” (C. 2.) In James v. State, 729 So.2d 364 (Ala.Crim.App.1998), this Court stated:
“Here, although the trial court’s written order adequately recites the reasons for revoking the appellant’s probation, the order fails to adequately specify the evidence it relied upon. We have consistently found general recitations by the trial court to its considerations of the ‘testimony,’ ‘sworn testimony,’ or ‘relevant and competent evidence’ presented at the revocation hearing to be insufficient for purposes of satisfying the ‘statement of the evidence relied upon’ *215 requirement of Armstrong. See McCloud v. State, 736 So.2d 1131 (Ala.Crim.App.1998); Thornton v. State, 728 So.2d 1162 (Ala.Crim.App.1998); Scarbrough v. State, 709 So.2d 82 (Ala.Crim.App.1997); and Hairgrove v. State, 668 So.2d 887 (Ala.Crim.App.1995). Thus, the trial court failed to adequately specify the evidence relied upon in revoking the appellant’s probation by stating only that it had ‘heard testimony and arguments of counsel.’ ”
729 So.2d at 365. Similarly, in this case, the trial court failed to adequately specify the evidence relied on in revoking Cottle’s probation by stating only that it was basing its decision on “testimony in open court.”
Therefore, based on Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), we must remand this cause to the trial court for that court to prepare a written statement of the evidence it relied on in revoking Cottle’s probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.