BASCHAB, Judge.
On February 1, 1999, pursuant to a negotiated agreement, the appellant, Stevie Eugene Wood, pled guilty to incest and attempted second-degree rape. The trial court sentenced him to serve concurrent terms of ten years in prison on each conviction. It then split his sentences and ordered him to serve one year in the De-Kalb County Jail, the next year on house arrest, and then five years on supervised probation. On March 26, 2001, the appel *219 lant’s probation officer filed a delinquency report, alleging that the appellant had committed the new offenses of reckless endangerment, driving under the influence (“DUI”), attempting to elude, and driving while his license was revoked. Subsequently, on April 6, 2001, the State filed a “Petition to Revoke” the appellant’s probation. After conducting a hearing, the circuit court revoked the appellant’s probation. This appeal follows.
I.
The appellant argues that the circuit court erroneously denied his motion for a continuance. Specifically, he contends that he did not have sufficient time before the revocation proceedings to issue subpoenas to critical witnesses.
“It is well settled that a motion for a continuance is addressed to the sound discretion of the trial court and that, absent a showing of abuse of that discretion, the trial court’s decision on the matter will not be overturned on appeal. Arnold v. State, 601 So.2d 145 (Ala.Cr.App.1992); see generally cases cited at 14 Ala. Digest 2d § 586.
“To warrant a continuance on the ground that a witness is absent, it must be shown that the expected testimony of the witness is material and competent, that there is a probability that the evidence will be forthcoming if the case is continued, and that the moving party exercised due diligence to secure the evidence. Ex parte Saranthus, 501 So.2d 1256 (Ala.1986). Material evidence means ‘[e]vidence which has an effective influence or bearing on questions in issue.’ Black’s Law Dictionary 976 (6th ed.1990). ‘Simply put, a “material” fact is one that would matter in the trial on the merits.’ Sumner v. Sumner, 664 So.2d 718, 723 (La.App.1995). It must be shown that substantially favorable testimony would be given by the witness and that the denial of a continuance would materially prejudice the defendant. Whitehead v. State, 429 So.2d 641 (Ala.Cr.App.1982). In addition, it must be established that the expected testimony is not merely cumulative or in the nature of impeachment, and the motion for a continuance must not be made merely for purposes of delay. Mitchell v. Moore, 406 So.2d 347 (Ala.1981); Malone v. State, 659 So.2d 1006 (Ala.Cr.App.1995); McClellan v. State, 628 So.2d 1026 (Ala.Cr.App.1993); Prince v. State, 623 So.2d 355 (Ala.Cr.App.1992).
“The appellant made no showing as to what the witness’s testimony would be if he were present and testified. The refusal to grant a continuance because a witness will be absent is not error if there is no showing of what the witness would testify to. Smith v. State, 368 So.2d 298 (Ala.Cr.App.1978), writ quashed, 368 So.2d 305 (Ala.1979); Castona v. State, 17 Ala.App. 421, 84 So. 871 (1920). Thus, the appellant failed to establish that the expected testimony would be material and competent, that it would be substantially favorable to him, that it would not be merely cumulative or in the nature of impeachment, or that the denial of the continuance would be prejudicial to him.”
Smith v. State, 698 So.2d 189, 205 (Ala.Crim.App.1996), aff'd, 698 So.2d 219 (Ala.), cert. denied, 522 U.S. 957, 118 S.Ct. 385, 139 L.Ed.2d 300 (1997).
During the discussion regarding the appellant’s motion for a continuance, the following occurred:
“[DEFENSE COUNSEL]: Judge, before we proceed ... I am going to ask the Court for a continuance of this hearing. The basis for these charges are some underlying charges brought originally in the city court in [Hokes] Bluff, *220 and we had been trying for over a week to find out what their version of these charges were. We did not receive those until they faxed them to us after another follow-up call yesterday afternoon. What they sent us, including the arrest report and some statements that are in the court file down there, raise some issues that I’m not prepared to address today.
“THE COURT: That request for a continuance is denied, [defense counsel].
“[DEFENSE COUNSEL]: Judge, if I could finish, one other thing, too, the underlying charges are also pending in the Circuit Court of Etowah County. I would like to take an exception to the record the Court’s ruling and state also that the Court’s ruling, if it stands, and ask the Court to reconsider, will deny the defendant his rights to [compulsory] process to obtain witnesses and to present evidence on his behalf.”
(R. 18-19.) Although the appellant argued generally that the court’s ruling would deny him his right to obtain witnesses, he did not establish who the witnesses would have been and did not establish that their testimony would have been material, competent, and substantially favorable to him. Accordingly, the circuit court did not abuse its discretion when it denied the appellant’s motion for a continuance.
II.
The appellant also argues, and the State agrees, that in its written revocation order, the circuit court did not adequately state the evidence upon which it relied in revoking his probation, as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). In its revocation order, the circuit court stated, in pertinent part, that it was “reasonably satisfied from the evidence that the defendant has violated the conditions of probation.” (C.R. 1.)
“We have consistently found general recitations by the trial court to its consideration of the 'testimony,’ ‘sworn testimony,’ or 'relevant and competent evidence’ presented at the revocation hearing to be insufficient for purposes of satisfying the ‘statement of the evidence relied upon’ requirement of Armstrong. See McCloud v. State, [736] So.2d [1131] (Ala.Cr.App.1998); Thornton v. State, 728 So.2d 1162 (Ala.Cr.App.1998); Scarbrough v. State, 709 So.2d 82 (Ala.Cr.App.1997); and Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App.1995).”
James v. State, 729 So.2d 364, 365 (Ala.Crim.App.1998). In its written revocation order, the circuit court did not adequately state the evidence upon which it relied in revoking the appellant’s probation. Accordingly, we remand this case to the circuit court for that court to enter a written order that states the evidence upon which it relied in revoking the appellant’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 21 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
McMILLAN, PH., and COBB, SHAW, and WISE, JJ., concur.