SHAW, Judge.
Darnell Gipson appeals the trial court’s order revoking his probation.
On April 5, 1996, Gipson pleaded guilty to two counts of forgery in the second degree and to one count of burglary in the third degree. He was sentenced to imprisonment for one year and one day for each conviction, the sentences to run concurrently. His sentences were suspended and he was placed on probation for one year. On June 29, 1998, the trial court extended Gipson’s probation an additional three years because he had failed to pay court-ordered costs and restitution. On December 7, 2000, A1 Gaston, Gipson’s probation officer, filed a delinquency report alleging that Gipson had violated the terms and conditions of his probation by committing five new offenses, specifically, attempted murder, reckless endangerment, escape, and two counts of giving false information to a police officer. After a revocation hearing on January 5, 2001, the trial court revoked Gipson’s probation.
On appeal, Gipson contends that his due process rights were violated because, he says, the trial court failed to rule on several of his pretrial motions. Specifically, Gipson argues that he filed a “Notice of Appearance and Request for Preliminary Hearing, Motion for Production and Disclosure, Motion to Suppress and Motion to Dismiss Indictment.” (Gipson’s brief at p. 5.) He maintains that the trial court’s failure to rule on those motions denied him due process because, he says, he “did not know what evidence would be used against him” and, therefore, he could not prepare his defense. None of the motions cited above are in the record that is before this Court. “It is the appellant’s duty to provide this court with a complete record on appeal, and we will not predicate error on a silent record.” Gamble v. State, 791 So.2d 409, 418 (Ala.Crim.App.2000). “ ‘[W]here the appellant fails to include pertinent portions of the proceeding in the record on appeal, this court may not presume a fact not shown by the record and make it a ground for reversal.’ ” Id,., quoting Carden v. State, 621 So.2d 342, 345 (Ala.Crim.App.1992). Although Gipson has attached the motions as an exhibit to his brief on appeal, it is well settled that “ ‘attachments to briefs are not considered part of the record and therefore cannot be considered on appeal’ ” Inmin v. State, 654 So.2d 86, 88 (Ala.Crim.App.1994), quoting Huff v. State, 596 So.2d 16, 19 (Ala.Crim.App.1991). In addition, “Allegations in appellant’s brief reciting matters not disclosed in the record cannot be considered.” Moon v. State, 580 So.2d 87, 88 (Ala.Crim.App.1991). Therefore, there is nothing for this Court to review.
Gipson also contends that the trial court’s order revoking his probation was insufficient because, he says, the trial court failed to state the reasons it was revoking his probation or the evidence it relied on in doing so. Although Gipson did not object at trial to the sufficiency of the trial court’s order, it is well settled that “ ‘the adequacy of a written order of revo *996 cation can be raised for the first time on appeal.’ ” Durr v. State, 807 So.2d 595, 595 (Ala.Crim.App.2001), quoting Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
“ ‘In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App.1994).”
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000).
The trial court’s order revoking Gipson’s probation stated, in pertinent part:
“On this day, January 5, 2001, came the defendant in his own person along with counsel, Jeffrey Robinson, Esq., both of whom had been served with notice of said hearing and with notice of the evidence against the defendant in support of the claimed probation violation[s]; after the defendant was advised of his rights pursuant to Rule 27.6(b) and (c), said defendant was given an opportunity in open Court to be heard- and present witnesses on his behalf; and upon consideration of the testimony and evidence presented in open court and the Supervisor’s Report on Delinquent Probationer, the Court finds as follows:
“The defendant committed the offense of Escape III in Crenshaw County on or about September 28, 2000; committed the offense of Giving False -Information to Law Enforcement in Crenshaw County on or about September 28, 2000; and committed the offense of Reckless Endangerment in Lowndes County on or about November 10, 2000; all of which are violations of the conditions of his probation.”
(C. 8.)
As the State correctly points out in its brief to this Court, the order properly stated the trial court’s reasons for revoking Gipsonis probation — i.e., that Gipson had committed three new offenses. However, the State concedes, and we agree, that the order failed to adequately state the evidence the court relied -upon in revoking Gipson’s probation. In James v. State, 729 So.2d 364 (Ala.Crim.App.1998), this Court stated:
“Here, although the trial court’s written order adequately recites the reasons for revoking the appellant’s probation, the order fails to adequately specify the evidence it relied upon. We have consistently found general recitations by the trial court to its considerations of the ‘testimony,’ ‘sworn testimony,’ or ‘relevant and competent evidence’ presented at the revocation hearing to be insufficient for purposes of satisfying the ‘statement of the evidence relied upon’ requirement of Armstrong. See McCloud v. State, 736 So.2d 1131 (Ala.Crim.App.1998); Thornton v. State, 728 So.2d 1162 (Ala.Crim.App.1998); Scarbrough v. State, 709 So.2d 82 (Ala.Crim.App.1997); and Hairgrove v. State, 668 So.2d 887 (Ala.Crim.App.1995). Thus, the trial court failed to adequately specify the evidence relied upon in revoking the appellant’s probation by stating only that it had ‘heard testimony and arguments of counsel.’ ”
729 So.2d at 365. The trial court’s order in this case, stating only that it relied on *997 the probation officer’s report and “the testimony and evidence presented in open court” was not adequate.
Therefore, based on Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), we must remand this cause for the trial court to prepare a written statement of the evidence it relied on in revoking Gipson’s probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.