On January 16, 2002, the appellant, Howard Leroy Taylor, Jr., pled guilty to two counts of unlawful distribution of a controlled substance and one count of unlawful possession of a controlled substance. The trial court sentenced him, as a habitual offender, to serve concurrent terms of twenty years in prison on the unlawful distribution of a controlled substance convictions and fifteen years in prison on the unlawful possession of a controlled substance conviction. See § 13A-5-9, Ala. Code 1975. It then split his sentences and ordered him to serve three years followed by five years on supervised probation. On November 24, 2003, the appellant's probation officers filed a "Petition to Show Cause and/or Revoke Probation" and an "Officer's Report on Delinquent Probationer." After conducting a revocation hearing, the circuit court revoked the appellant's probation. This appeal followed. *Page 807 
The appellant argues that, in its written revocation order, the circuit court did not adequately state the evidence upon which it relied in revoking his probation. In its written revocation order, the circuit court stated:
 "These causes are being heard and submitted in regard to the probation revocation proceedings initiated against Defendant via `Petition to Show Cause and/or Revoke Probation' filed by State Probation/Parole Officer Melinda D. Heath, supported by delinquency report dated October 27, 2003, and the Defendant being present before the Court and represented by his attorney, Hon. James N. Thomas, and the State being represented by the Hon. Gary L. McAliley, District Attorney for the Twelfth Judicial Circuit, and the Court considering the content of the delinquency report, the denial of all charges entered on Defendant's behalf, as well as the relevant and competent evidence presented (including those matters of which judicial notice is taken), does find that the Defendant has violated conditions of probation as alleged in Charge Nos. 1 and 2 of the `Officer's Report(s) On Delinquent Probationer,' to-wit: by committing two new offenses, to-wit: Possession of Burglar's Tools and Criminal Mischief, First Degree. The Court's findings are based upon the testimony of State Probation Officer Melinda D. Heath and Odell Banks of the Department of Conservation, the `Order of Probation,' and other matters within the case files and of which the Court takes judicial notice. The Court adopts and incorporates herein by reference the factual averments (i.e., `details') contained within the `Officer's Report On Delinquent Probationer.' The Court is fully satisfied as to Defendant's violation of probation and is of the further opinion and does hereby find that Defendant's probation should be revoked."
(C.R. 11-12.)
 "We have consistently found general recitations by the trial court to its consideration of the `testimony,' `sworn testimony,' or `relevant and competent evidence' presented at the revocation hearing to be insufficient for purposes of satisfying the `statement of the evidence relied upon' requirement of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975)]. See McCloud v. State, [736] So.2d [1131] (Ala.Cr.App. 1998); Thornton v. State, 728 So.2d 1162 (Ala.Cr.App. 1998); Scarbrough v. State, 709 So.2d 82 (Ala.Cr.App. 1997); and Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App. 1995)."
James v. State, 729 So.2d 364, 365 (Ala.Crim.App. 1998).
In its written revocation order, the circuit court did not adequately set forth the specific evidence upon which it relied in revoking the appellant's probation. Also, the circuit court stated that it relied upon the testimony of Melinda Heath. However, Heath did not testify during the revocation hearing. Accordingly, we remand this case to the circuit court with instructions that that court enter a written order in which it specifically states the evidence upon which it relied in revoking the appellant's probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 21 days after the release of this opinion.[1] *Page 808 
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] At this time, we pretermit discussion of the remaining arguments the appellant raises in his brief to this court.
* Note from the reporter of decisions: On July 30, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.