921 So.2d 446 (2004)
Carl Ray McCOO
v.
STATE of Alabama.
CR-03-0509.
Court of Criminal Appeals of Alabama.
June 25, 2004.
Rehearing Applications Denied August 20, 2004.
*447 Marion Chartoff, Montgomery, for appellant.
Troy King, atty. gen., and Corey L. Maze, asst. atty. gen., for appellee.
McMILLAN, Presiding Judge.
Carl Ray McCoo entered a plea of guilt to the charge of conspiracy to commit robbery in the first degree on August 22, 2001. McCoo was sentenced to 10 years' imprisonment, but that sentence was split and McCoo was ordered to serve 3 years' imprisonment followed by 3 years' probation. McCoo's sentence was then suspended, and he was placed on probation until May 22, 2006.
On December 17, 2003, McCoo's probation was revoked and his 10-year sentence was reinstated, following a probation-revocation hearing. McCoo's probation officer declared McCoo delinquent and alleged that McCoo had violated the first condition of his probationto "refrain from any illegal activity"by committing a new offense, robbery in the first degree.
A probation-revocation hearing was held on December 17, 2003. Detective W.D. Favor with the Montgomery Police Department testified at the hearing. Det. Favor stated that he responded to a robbery-in-progress call at the Pace Car gasoline station on Troy Highway in Montgomery on November 6, 2003. According to Det. Favor, when he arrived at the scene, he spoke with two witnesses and the clerk of the store, and he determined that two black males had entered the Pace Car, had pointed a gun at the clerk, had removed the cash drawer, and had fled. The clerk testified that one of the men had "white paste all over his face, a red jacket and [was] armed with a dark handgun." Det. Favor related that the witnesses informed him that the two robbers, along with two other men, left the scene in a blue Cadillac automobile. The Cadillac was later stopped by other police units, and McCoo and his accomplice jumped from the car and took off running. When McCoo was apprehended he was found to have Noxzema brand cold cream on his face and an open can of Noxzema was found in the backseat of the Cadillac. The cash box from the Pace Car was also found in the car. The delinquency report, prepared by McCoo's probation officer, Ruth Peters, revealed that McCoo was identified as being the robber who had a gun and who pointed it at the clerk; it also revealed that a gun was found near where McCoo *448 was seen running when police attempted to apprehend him. McCoo did not object to the testimony, and he presented no evidence in his own behalf. The trial court informed McCoo that his probation was being revoked and informed McCoo that he had the right to appeal. Following the hearing, the trial court entered an order on the docket stating:
"Defendant appeared before the Court for revocation hearing with [his] attorney Jim Porter. Defendant denies [the] charged violation of probation that he has a new offense for Robbery First Degree. Based on sworn testimony of Detective W.D. Favor of [the] Montgomery Police Department which substantiates details of [the] offense contained in the delinquency report, the Court finds [that] the Defendant has violated conditions of [his] probation by failing to refrain from illegal activity."
In Evans v. State, 794 So.2d 1234, 1236-37 (Ala.Crim.App.2000), we stated:
"Even constitutional issues must be properly preserved for appellate review. Brown v. State, 705 So.2d 871, 875 (Ala. Crim.App.1997).
"`The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala. Crim.App.1992). This court "has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation..., and (2) the requirement that a revocation hearing actually be held." Puckett, 680 So.2d at 983.'
"Owens v. State, 728 So.2d 673, 680 (Ala. Crim.App.1998). Additionally, ... this Court recently held in Law [v. State, 778 So.2d 249 (Ala.Crim.App.2000)], that a defendant can also raise for the first time on appeal that the trial court erred in failing to advise him of his right to request an attorney during probation revocation proceedings. 778 So.2d at 250."
McCoo raises two issues on appeal. He contends that the trial court considered hearsay evidence alone, which, he says, denied him the opportunity to confront and cross-examine witnesses against him, and he contends that the trial court's order revoking his probation fails to comply with due-process requirements by failing to set forth the reason for the revocation and the evidence the trial court relied upon in revoking his probation. McCoo failed to raise his hearsay and confrontation objections at the trial-court level, and because these issues do not fall within one of the stated preservation exceptions, the issues are not properly before us.[1]
As for McCoo's challenge to the adequacy of the revocation order, this issue may be raised on appeal, even if not first presented to the trial court. McCoo cites Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Wyatt v. State, 608 So.2d 762 (Ala.1992); and other authority in support of his argument that the trial court's order was inadequate.

*449 "`In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.' Trice v. State, 707 So.2d 294, 295 (Ala. Crim.App.1997). `These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.' T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994)."
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000). Rule 27.6(d)(1), Ala. R.Crim. P., states:
"The judge must be reasonably satisfied from the evidence that a violation of the conditions or regulations of probation or the instructions occurred. Each party shall have the right to present evidence and the right to confront and to cross-examine adverse witnesses who appear and testify in person. The court may receive any reliable, relevant evidence not legally privileged, including hearsay."
Rule 27.6(f) states: "The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation."
In James v. State, 729 So.2d 364 (Ala. Crim.App.1998), the trial court revoked the appellant's probation because he had violated four conditions of his probation. The trial court stated in its revocation order that it considered the "`testimony and arguments of counsel [and] adjudged the defendant guilty'" of being in violation of the terms of his probation. James, 729 So.2d at 365. In remanding the case, we wrote:
"In order for the due process requirements set forth in Armstrong[v. State, 294 Ala. 100, 312 So.2d 620 (1975),] and Rule 27.6(f), Ala. R.Crim. P., to be met, the trial court's order revoking probation must be in writing and must recite the reasons for the revocation and the evidence relied upon in ordering the revocation. Wyatt[v. State], 608 So.2d [762] at 763 [(Ala.1992)]. Here, although the trial court's written order adequately recites the reasons for revoking the appellant's probation, the order fails to adequately specify the evidence it relied upon. We have consistently found general recitations by the trial court to its consideration of the `testimony,' `sworn testimony,' or `relevant and competent evidence' presented at the revocation hearing to be insufficient for purposes of satisfying the `statement of the evidence relied upon' requirement of Armstrong. See McCloud v. State, [736] So.2d [1131] (Ala.Cr.App.1998); Thornton v. State, 728 So.2d 1162 (Ala.Cr.App.1998); Scarbrough v. State, 709 So.2d 82 (Ala. Cr.App.1997); and Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App.1995). Thus, the trial court failed to adequately specify the evidence relied upon in revoking the appellant's probation by stating only that it had `heard testimony and arguments of counsel.'
"Although the transcript of the probation revocation hearing presents evidence that supports the court's order revoking the appellant's probation, the Alabama Supreme Court held in Wyatt that the trial court must issue a written order stating the reasons for the revocation and the evidence it relied upon, even where `the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason *450 for the revocation.' [Wyatt,] 608 So.2d at 763."
James, 729 So.2d at 365-66.
In this case, the trial court stated that it relied upon the testimony of the police detective and revoked McCoo's probation because of McCoo's failure "to refrain from illegal activity." These general statements do not go far enough to satisfy the due-process requirements previously established. See Coleman v. State, 777 So.2d 311 (Ala.Crim.App.2000) (case remanded where the trial court stated in its revocation order that it relied upon the police officer's testimony but did not state the reason for the revocation); McCloud v. State, 736 So.2d 1131, 1133 (Ala.Crim.App. 1998) (trial court's order that stated, "`[u]pon hearing testimony [the] court finds substantial evidence that [Defendant] has committed [the] offense of harassment [and] probation is revoked,'" did not satisfy the "evidence" requirement of Rule 27.6(f)).
Because the revocation order in this case falls short of the due-process requirements of Gagnon, Morrissey, Wyatt, Armstrong, and their progeny, we remand this case with instructions that the circuit court enter a written order setting forth the specific reasons it revoked McCoo's probation and the specific evidence upon which it relied in doing so. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 21 days after the release of this opinion.

REMANDED WITH DIRECTIONS.
COBB, J., concurs. BASCHAB, J., concurs in the result. SHAW, J., concurs in the result, with opinion. WISE, J., dissents, without opinion.
SHAW, Judge, concurring in the result.
It is apparent from the trial court's order that McCoo's probation was revoked because he committed a new offensefirst degree robbery. The reason for revocation is, thus, sufficiently stated to satisfy the pertinent due-process requirements. Based on Wyatt v. State, 608 So.2d 762 (Ala.1992), I concur to remand for a statement of the evidence relied on.
NOTES
[1] The trial court may consider "any reliable, relevant evidence not legally privileged, including hearsay," see Rule 27.6(d)(1), Ala. R.Crim. P., but probation may not be revoked based upon only hearsay, see Clayton v. State, 669 So.2d 220, 222 (Ala.Crim.App.1995).